Thomas D. **BLAKE** et al., Appellants,

v.

**NATIONAL RESEARCH ASSOCIATES, INC.**, Appellee.

No. 71–1708.

United States Court of Appeals, Fourth Circuit.

Argued March 9, 1972.

Decided Aug. 30, 1972.

Irving R. M. Panzer, Washington, D. C. (A. Fred Starobin, Washington, D. C., on brief), for appellants.

Richard W. Carrell (Robert Paul Mann, Towson, Md., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and RUSSELL, Circuit Judges.

HAYNSWORTH, Chief Judge:

During a period of dormancy, the officers in sole charge of a dormant corporation voted themselves substantial salaries which they now seek to collect from a successor corporation. Additionally, one of the claimants sought compensation for legal and other services allegedly rendered. We affirm the entry of summary judgment for the defendant on the salary claims, but think the other claims were improvidently dismissed before the facts were ascertained. .

In 1963, National Research Associates, Incorporated, a Maryland corporation, had its charter forfeited for failure to file required reports and pay taxes. It appears to have had some patent rights in the field of air cushioned vehicles, but no active business at the time of forfeiture.

In 1964, Blake, Nabell and Starobin, the corporation's only officers and directors, voted themselves salaries of $10,000 a year, each. In 1968, the corporation was revived and merged into the defendant, a Nevada corporation with substantially the same name.

In the complaint, each plaintiff seeks to recover $38,300 on the basis of the 1964 salary resolution. In addition, Starobin sought to recover salary claimed to have accrued in earlier years, legal fees, file storage and file transportation charges, so that his claim aggregates $59,717.73.

I

The District Court was clearly correct in granting summary judgment on the salary claims founded on the 1964 resolution.

■■ Analysis is little aided by resort to Maryland's corporate charter revival statute,[1] which provides for validation of all contracts and things done, within the scope of a corporation's charter, through its agents during the period of charter suspension and for corporate liability upon such contracts. Nor is much light shed by reference to § 86 of the same article which makes it a misdemeanor for one, knowing that a corporate charter has been forfeited, to transact business in the name of that corporation, though he may not be prosecuted after charter revival. The latter is obviously intended as an aid in the enforcement of a cessation of active business upon charter forfeiture, and the former, neither by its terms nor its purpose, can be construed to validate contracts otherwise unenforceable.

■ In 1964 the three plaintiffs, the only directors of the defunct corporation, were in control of what assets it had as trustees for the stockholders. Their fiduciary duties of protection and conservation of those assets, in their broad contours, were obvious and demanding. They had no right of self-dealing to their own advantage and, yet, they purported to negotiate with themselves fixed and continuing employment contracts at substantial salaries with no claimed or apparent relation to service. This they did at a time when there were no meetings of stockholders at which they might have been held accountable.

In our diversity jurisdiction, we are governed, of course, by the law of Maryland, where all of the action occurred.

■ Under the law of that state a contract between a corporation and one of its directors is not absolutely void, but, though no actual fraud be shown, it is unenforceable unless the director carries the burden of showing "the perfect fairness, adequacy, and equity of the transaction; and that too by proof entirely independent of the instrument under which he may claim."[2] These three custodians of the records of a defunct corporation could not possibly shoulder so heavy a burden of justification of their voting themselves substantial, fixed salaries.

II

■ On this record, however, we cannot say that the plaintiffs rendered no services, the reasonable value of which should be treated as a corporate obligation. We do not know whether the successor corporation assumed liabilities of this sort of the former corporation or whether assertion of this kind of claim is foreclosed by any warranty or representation made in the merger proceedings.[3] The case will be remanded, therefore, so that the plaintiffs may assert claims *in quantum meruit*, if they wish to do so, subject, of course, to any appropriate defense, including the statute of limitations.[4]

Affirmed and remanded.

---

1. Art. 23, § 85, Ann.Code of Maryland.

2. Indurated Concrete Corporation v. Abbott, 195 Md. 496, 74 A.2d 17, 20; Hammond v. Lyon Realty Co., 163 Md. 442, 163 A. 480.

3. There are other potential considerations which conceivably could bar assertion of these claims against the successor corporation after the merger.

4. The District Judge was not indifferent to Starobin's separate claim for legal fees, salary in an earlier period, and expense reimbursement. He gave Starobin leave to amend his complaint to specify when the services were rendered so that the applicability of limitations might be determined. He dismissed the complaint only when Starobin joined in this appeal and elected not to amend his complaint. Under the circumstances, we think he should have further opportunity to establish these claims on a *quantum meruit* basis. Nothing we say, however, should be taken as an implied restriction on the power of the trial judge to require particularization of the claim.