NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

Mrs. Gladys SELVIN, Respondent.

No. 74–1102.

United States Court of Appeals,
Ninth Circuit.

Oct. 6, 1975.

Peter Bernstein, Atty., NLRB, Washington, D. C. (argued), for petitioner.

Richard L. Lotts (argued), of Sheppard, Mullin, Richter & Hampton, Los Angeles, Cal., for respondent.

## OPINION

Before TRASK and WALLACE, Circuit Judges, and KELLEHER,* District Judge.

KELLEHER, District Judge.

Pursuant to Section 10(e) of the National Labor Relations Act, 29 U.S.C. § 160(e), the National Labor Relations Board ("the Board") seeks enforcement of its order, issued on August 13, 1973, against Mrs. Gladys Selvin ("Selvin").

## I

On December 12, 1972, the Wholesale Delivery Drivers and Salesmen, Local Union No. 848, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America ("Local 848") filed a complaint with the NLRB charging West Coast Liquidators, Inc., and Selvin, West Coast's collective bargaining agent, with unfair labor practices. Thereafter, both West Coast and Selvin were found to have violated Section 8(a)(5) and (1) of the National Labor Relations Act. 205 NLRB No. 88.

The facts as found by the Board and uncontroverted here are as follows:

On October 16, 1972, Local 848 was certified as the collective bargaining representative for a unit of employees at West Coast's warehouse. Thereafter respondent Selvin, West Coast's collective bargaining agent, agreed with the Local 848's president, Joe Ruiz, to meet on November 1, 1972, at her office-residence-apartment.

* Honorable Robert J. Kelleher, United States District Judge, Central District of California, sitting by designation.

Three negotiation sessions were held at her apartment. The meeting room in her apartment had no tables, and each time the Union representatives came for a bargaining session, TV trays were set up and they were served tea.

At each of the three meetings, Selvin continually avoided discussion of any of the Union's proposals. The testimony before the Administrative Law Judge discloses that at each meeting Local 848 was prepared and attempted to engage in collective bargaining, while Selvin insisted on talking about unrelated subjects and summarily rejected virtually all Local 848's proposals without presenting any counter-proposals.

Respondent Selvin at the end of the third meeting boasted to Union representatives that in the "last 10 or 12 years, none of her clients have signed a contract," and that a business agent "from one of the other locals . . . had met with her 12 or 14 times . . and then stopped coming. . . ." Thereafter no further negotiations were held. Local 848 filed its complaint with the Board on December 12, 1972.

On the basis of the foregoing facts, the Administrative Law Judge and the Board found that Selvin and West Coast violated Section 8(a)(5) and (1) of the Act by failing and refusing, on and after October 16, 1972, to bargain in good faith with Local 848.

Additionally, the Administrative Law Judge and the Board, taking official notice of prior Board decisions and orders which evidence a long pattern of bad-faith bargaining by Selvin, found respondent to have demonstrated such a proclivity to violate the Act as to justify a broad remedial order.[1]

Accordingly, the Board, adopting the recommended order of the Administrative Law Judge, (1) ordered West Coast to cease and desist from (a) refusing to bargain in good faith with petitioner Union, and (b) in any manner interfering with, restraining or coercing its employees in the exercise of their rights guaranteed by Section 7 of the Act; and (2) ordered Selvin to cease and desist from (a) refusing to bargain in good faith with petitioner Union, (b) "[r]efusing to bargain in good faith with *any labor organization* when she is an agent for *any employer* . . .," and (c) "*in any manner* interfering with, restraining or coercing employees in the exercise of their rights guaranteed them by Section 7 of the Act." Affirmative orders were also entered (1) requiring West Coast and Selvin to bargain upon request in good faith with Local 848 and (2) requiring Selvin to "[b]argain in good faith

---

1. See *Chalk Metal Co., Inc., and Mrs. Gladys Selvin,* 197 NLRB No. 175 (1972). In *Chalk Metal,* a case with very similar facts, the Board issued a broad remedial order almost exactly like the one now before this Court. In so doing, the Board stated:

"While this is only the second case in which [Mrs. Selvin] has been named as a party, [footnote omitted] she has, as a labor relations consultant for various companies, repeatedly engaged in a pattern of bad-faith bargaining which has resulted in numerous findings of 8(a)(5) and (1) violations against employers she represented. [footnote omitted] An examination of those cases reveals her recurrent failure to approach bargaining with a genuine desire to reach agreement but, seemingly, with a strategy to avoid, delay, and frustrate meaningful bargaining with the union.

"Thus, while we refrained from issuing a broad order against Selvin in *West Coast Casket Company, Inc.* [footnote omitted], be-

cause that was the first case in which she was named as a party, we now believe that the findings of the present case, when viewed in conjunction with those in our many other decisions involving Selvin, clearly demonstrate that Selvin has a proclivity to violate the Act which, in our opinion, requires the broad remedial order recommended by the Trial Examiner." 197 NLRB at 1133.

See also, *West Coast Casket Co., Inc.,* 192 NLRB No. 78, enforced 469 F.2d 871 (9th Cir. 1972); *Inter-Polymer Industries, Inc.,* 196 NLRB No. 101; *KFXM Broadcasting Company,* 183 NLRB No. 121 (1970); *Sir James Inc.,* 183 NLRB No. 31, enforced 466 F.2d 570 (9th Cir. 1970); *Architectural Fiberglass,* 165 NLRB No. 21 (1967); *Tak-Trak, Inc.,* 145 NLRB No. 147 (1964); *Duro Fittings Company,* 130 NLRB No. 71 (1961); *California Girl, Inc.,* 129 NLRB No. 21 (1960); *Duro Fittings Company,* 121 NLRB No. 52 (1958).

with *any labor organization* when she is an agent for any employer subject to the jurisdiction of the Board. . . . " (Emphasis added.)

Because West Coast has voluntarily complied with the Board's order, the Board is seeking here to enforce its order only as to Selvin.

## II

■ Threshold to consideration of respondent Selvin's objections to the Board's application for an enforcement order is the question of her right to raise them now before this Court.

Section 10(e) of the Act [29 U.S.C. § 160(e)] provides in part:

"No objection that has not been urged before the Board . . . shall be considered by the court, unless the failure or neglect to urge such objections shall be excused because of extraordinary circumstances."

As the Supreme Court in *NLRB v. Cheney California Lumber Co.,* 327 U.S. 385, 389, 66 S.Ct. 553, 555, 90 L.Ed. 739 (1946), in a case involving an application by the Board for enforcement of a broad order against an employer, held:

"[J]ustification of such an order, which necessarily involves consideration of the facts which are the foundation of the order, is not open for review by a court if no prior objection has been urged before the case gets into court and there is a total want of extraordinary circumstances to excuse 'the failure or neglect to urge such objection.'"

In 1961 the Supreme Court, explaining *Cheney,* in *NLRB v. Ochoa Fertilizer Corp., et al.,* 368 U.S. 318, 322, 82 S.Ct. 344, 347, 7 L.Ed.2d 312 (1961), stated:

"[W]hen the Board has not 'patently traveled outside the orbit of its authority,' *National Labor Relations Board v. Cheney California Lumber Co.,* 327 U.S. 385, 388, 66 S.Ct. 553, 554, 90 L.Ed. 739 [footnote omitted], our cases have uniformly held that in the absence of a showing within the statutory exception of 'extraordinary

circumstances' the failure or neglect of the respondent to urge an objection in the Board's proceedings forecloses judicial consideration of the objection in enforcement proceedings."

In accordance with *Cheney* and *Ochoa,* we have consistently refused, absent extraordinary circumstances, to consider here any argument not previously advanced before the Board. *NLRB v. Pacific Electrical Contractor's Association,* 478 F.2d 853 (9th Cir. 1973); *Buckley v. NLRB,* 432 F.2d 409 (9th Cir. 1970); *NLRB v. Jan Power, Inc.,* 421 F.2d 1058 (9th Cir. 1970).

■ Respondent's objections to the Board's order now urged upon the Court were first made before the Board on March 18, 1974, in a motion to reopen the proceedings to permit the Board's order to be modified or set aside; this was some seven months after the Board issued its order and some two months after the Board filed its application for enforcement with this Court on January 21, 1974. That motion was properly denied by the Board as untimely because it was not made within the time period provided for in 29 C.F.R. § 102.48(d)(2)— twenty days from the date of service of the order unless the Board otherwise permits.

Respondent's argument that 29 C.F.R. § 102.49 permits the filing of objections with the Board up to the time of the filing of the transcript of the record in the Court of Appeals is also without merit. Section 102.49 says nothing more than that *the Board may* modify or set aside its findings of fact, conclusions of law or order prior to the filing of a transcript of the record in a court. As noted above, the time requirements for the filing of a motion to reopen the record are controlled by § 102.48(d)(2), not § 102.49. That time requirement was not met; to find otherwise would make meaningless the time requirements for the filing of exceptions to Administrative Law Judge's decisions and objections to the Board's final determination.

■ Furthermore, the record before us contains no showing of extraordinary cir-

cumstances which might excuse this failure. Thus respondent is precluded from raising before this Court the objections to the Board's order that she now urges because they were not in her exceptions to the Administrative Law Judge's decision, nor were they properly put before the Board by the untimely motion to reopen the proceedings.

## III

The only remaining question to decide is whether the Board by its broad remedial order "patently traveled outside the orbit of its authority."

When the NLRB applies to the Court of Appeals for enforcement of an order, the Board's findings must be sustained on appeal if supported by substantial evidence in the record considered as a whole. 29 U.S.C. § 160(e). *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

 Here, we find that there was substantial evidence in the record to support the Board's finding that Selvin violated Sections 8(a)(5) and (1) in dealing with Local 848. We further find that there was substantial evidence in the record to support a finding that Selvin has a proclivity to violate Sections 8(a)(5) and (1) of the Act; it was wholly proper for the Board to take official notice of Selvin's prior labor relations record. See *NLRB v. Local 85, International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America,* 454 F.2d 875, 879 (9th Cir. 1972); *NLRB v. Teamsters, Chauffeurs, Warehousemen & Helpers, Local 85, IBTCWHA,* 448 F.2d 789 (9th Cir. 1971); *NLRB v. Clinton Packing Co., Inc.,* 468 F.2d 953, 954 (8th Cir. 1972); *NLRB v. Reed & Prince Mfg. Co.,* 205 F.2d 131, 139 (1st Cir. 1953).

 Once it is established that the Board correctly found that there had been unfair labor practices, its selection of a remedy is accorded great deference. *NLRB v. Seven-Up Bottling Co.,* 344 U.S. 344, 73 S.Ct. 287, 97 L.Ed. 377 (1953).

The Supreme Court in *NLRB v. Express Pub. Co.,* 312 U.S. 426, 61 S.Ct. 693, 85 L.Ed. 930 (1941), placing the same limits on the Board's power to enjoin future acts that limit federal courts, held:

"The breadth of the [Board's] order, like the injunction of a court, must depend upon the circumstances of each case, the purpose being to prevent violations, the threat of which in the future is indicated because of their similarity or relation to those unlawful acts which the Board has found to have been committed by the employer in the past. . . . To justify an order restraining other violations it must appear that they bear some resemblance to that which the employer has committed or that danger of their commission in the future is to be anticipated from the course of his conduct in the past." 312 U.S. at 436–37, 61 S.Ct. at 700.

In accordance with *Express Pub. Co., supra,* we have consistently held that where there is substantial evidence of a proclivity to violate the Act, the Board may properly enter broad remedial orders. See *NLRB v. Segnoia Dist. Council of Carpenters,* 499 F.2d 129 (9th Cir. 1974); *NLRB v. Brotherhood of Teamsters, Local No. 70,* 490 F.2d 87, 88 (9th Cir. 1973); *NLRB v. Local 85, International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, supra.*

 Here, there is substantial evidence of a proclivity to violate the Act. We think the Board acts well within its authority when it issues an order of restraint against future violations of like kind. Here the record is replete with violations of a particular kind, viz., the failure and refusal of respondent, as employer's agent, to act in accordance with the law. The order may properly restrain or compel respondent only in her capacity as agent of employers. That part of the order directed against Selvin "in any manner interfering with, restraining or coercing employees in the exercise of their rights guaranteed them

by Section 7 of the Act" is too broad, and we decline to order enforcement thereof. In all other respects, the Board's order will be enforced.