NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

STR, INC., d/b/a Sound Technology Research, Respondent.

No. 76–1733.

United States Court of Appeals, Ninth Circuit.

Jan. 20, 1977.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B.; Washington D.C., for petitioner.

Archie G. Parker, of Rowland & Parker, Sacramento, Cal., for respondent.

Before WRIGHT, KILKENNY and CHOY, Circuit Judges.

OPINION

PER CURIAM:

The National Labor Relations Board (the "Board") petitions this court to enforce an

order issued against STR, Inc. (the "Company") arising from alleged violations of the National Labor Relations Act, subsections (a)(1), (a)(2), and (a)(3) of Section 8 [29 U.S.C. § 158] (unfair labor practices). Since the violations allegedly occurred in California, this Court has jurisdiction under Section 10(e) [29 U.S.C. § 160(e)]. The Board's decision and order are reported at 221 N.L.R.B. No. 103.

The Company's arguments rest on the premise that the Board erred in finding that the Company had suspended one Art Munguia indefinitely, rather than for only one day as the Administrative Law Judge had found. The Company acknowledges that normally this court does not evaluate the evidence supporting the Board's decision unless the losing party filed timely objections to the Board's order. The Company argues that the Board's disagreement with the Administrative Law Judge is so profound that the Company's subsequent failure to file objections is excused because of the "extraordinary circumstances" provision of Section 10(e) [29 U.S.C. § 160(e)].

The Board's regulations permit parties to file motions within 20 days after service of a Board decision for the purpose of seeking reconsideration of the decision. [29 C.F.R. § 102.48(d)]. This court, in *N.L.R.B. v. Selvin*, 527 F.2d 1273 (9th Cir.1975), held that, in the absence of extraordinary circumstances, the Court would deem uncontroverted the Board's findings of fact unless the objecting party filed objections pursuant to 29 C.F.R. § 102.48(d). A review of the cases shows that the "extraordinary circumstances" provision of Section 10(e) [29 U.S.C. § 160(e)] (excusing the losing party's failure to make objections to the Board) has been applied only in rare cases, as when a snow storm closes the Board's offices (*N.L.R.B. v. International Woodworkers*, 238 F.2d 378 (9th Cir.1956)), or when a telephone and taxi strike prevent delivery of the objections (*N.L.R.B. v. Central Mercedita, Inc.*, 273 F.2d 370 (1st Cir. 1959)), or when an unusually early mail pickup delays delivery (*N.L.R.B. v. Marshall Maintenance Corp.*, 320 F.2d 641 (3d Cir. 1963)).

The facts before us are not extraordinary and the Company's failure to file an exception should not be excused. The only material disagreement here was over the issue whether Munguia had been suspended indefinitely or only for a day. The complaint gave the Company more than ample notice that the Board would be examining the circumstances of Munguia's departure. Moreover, the circumstances that excused the losing party's failure to object in other cases were exceptional because they caused the party to omit filing timely objections, not because the Board's order was itself extraordinary. The Company advances no explanation for its failure to object and, therefore, the Board's finding that the Company suspended Munguia indefinitely because of his protected activities must be taken as established.

This finding leads to the conclusion that the Company committed an unfair labor practice by suspending an employee for his union activities, in violation of Sections 8(a)(1) and (3) [29 U.S.C. §§ 8(a)(1), (3)]. In such cases an order of reinstatement and backpay lies within the powers of the Board. (*Phelps Dodge Corp v. N.L.R.B*, 313 U.S. 177, 188, 61 S.Ct. 845, 85 L.Ed. 1271 (1941); *Bon Hennings Logging Co. v. N.L.R.B.*, 308 F.2d 548 (9th Cir.1962); *see* 29 U.S.C. § 160(c)).

The Board's Order will be enforced.