Patents; pleading and practice; third-party practice; ownership of patents; remand to Trial Division. — On February 1, 1980 the court entered the following order:
Before Friedman, Chief Judge, Kunzig and Smith, Judges.
This action has come before the court on plaintiffs motion to dismiss the third-party petition. After careful consideration of the record, we deny plaintiffs motion. It is our opinion that the facts as presented in the record are insufficient to make the determination requested by plaintiff. Plaintiff Starobin in his motion has alleged that the three patents in question were assigned to him by third-party plaintiff National Research Associates, Inc. (NRA), by separate assignments in 1964 and in 1974. Attached as exhibits to defendant’s motion for issue of notice under Rule 41, dated February 13, 1978, are various materials that plaintiff contends establish Starobin’s claim of ownership to the patents, and therefore the rights upon which he now depends in his suit against the Government. Plaintiff states that on the basis of the assignments contained in the record, plaintiff establishes a prima facie *597 case that he is the owner of the patent rights here in issue and, therefore, NRA must either repudiate this "evidence” or have its third-party petition dismissed.
NRA, on the other hand, has merely submitted its third-party petition which adopts plaintiff Starobin’s petition in whole, except that the third-party plaintiff alleges ownership in itself of the patent rights claimed by Starobin and prays that judgment be entered against defendant in favor of the third-party plaintiff.
The dispute between plaintiff and the third-party plaintiff is not limited to the issue of ownership of these patents. There has been a long history of litigation between these two particular parties. Blake v. National Research Associates, Inc., 466 F.2d 570 (4th Cir. 1972), and Beardsley v. Cockerell, 240 F. Supp. 845 (D.D.C. 1965). Starobin’s alleged ownership of the patents is not as clear cut as plaintiff might suppose.
Originally NRA was a Maryland corporation. In 1963, its charter was forfeited for failure to file required reports and for failure to pay taxes that were due. In 1964 Messrs. Blake, Nabell, and plaintiff were corporate officers of NRA. Concerning the October 9, 1964, assignment of the patents to plaintiff by the board of directors, the minutes of that meeting show that only Blake, Nabell, and Starobin were present. The minutes also suggest that Mr. Cook and "other directors” had been notified of the meeting. On the record presented to us, this court cannot even ascertain if there was a quorum for that meeting. In Blake v. National Research Associates, Inc., supra, 466 F.2d at 571, the fourth circuit stated that in 1964 the NRA board of directors consisted of only Blake, Nabell, and plaintiff. These factual contradictions make it impossible to determine the issue presented.
In Blake, the fourth circuit also stated that since NRA’s charter was revoked at the time of that 1964 meeting, there could be no stockholders’ meeting at which the directors might have been held accountable for their actions. Though the fourth circuit made this observation in holding that another "action” of this same board was invalid, the observation holds true for the present issue of whether there was a valid assignment to plaintiff in 1964. The Articles of Incorporation of NRA, when it existed as a *598 Maryland corporation, might determine the parameters of the board of directors’ power. This assumes, however, that the meeting on October 9 was validly constituted.
The purpose of dispositive motions to avoid time-consuming and unnecessary trials where the material facts are not in dispute is thwarted when obviously material facts are not presented and, when the few that are presented, are clearly in dispute. It is an imposition on the court to ask it to spend time reading a record which is so deficient in these respects. There is confusion rampant in this case over the facts. Did the 1964 "assignment” alienate the total or only the partial assets of NRA? At the time of the 1974 "assignment” was NRA a Nevada or Maryland corporation? If it was a Maryland corporation can the "assignment” stand up to the requirements of Maryland law? See Indurated Concrete Corp. v. Abbott, 195 Md. 496, 74 A. 2d 17, 20 (1950). If NRA was a Nevada corporation at the time of the assignment, can this "assignment” stand up under Nevada law? See Nev. Rev. Stat. § 78.565. And, lastly, the assignment of claims statute, 31 U.S.C. § 203 (1976), might prevent plaintiff from having any rights under the patents in these present proceedings. Any determination by this court on the facts as they are now reflected in the record would be mere speculation.
it is therefore ordered, on consideration of the record, that plaintiffs motion to dismiss the third-party petition is denied, and the case is remanded to the trial division for further proceedings.
On March 28, 1980 the court denied plaintiffs motion for reconsideration.