Arthur N. STEPHENSON, Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

No. 78–2711.

United States Court of Appeals,
Ninth Circuit.

Jan. 7, 1980.

Rehearing Denied March 24, 1980.

Neil M. Herring, Finkel & Herring, Los Angeles, Cal., for petitioner.

Peter M. Bernstein, Sandra K. Williams, Washington, D.C., for respondent.

Petition For Review Of A National Labor Relations Board Order.

Before CHOY and TANG, Circuit Judges, and FOLEY,* District Judge.

PER CURIAM:

## I

## INTRODUCTION

Arthur N. Stephenson seeks review of an order by the National Labor Relations

---

* The Honorable Roger D. Foley, United States District Judge for the District of Nevada, sitting by designation.

Board dismissing a complaint in which he alleged that his discharge by Fikse Bros. Inc. violated §§ 8(a)(1) and 8(a)(3) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(1) and 158(a)(3). The Board found that Stephenson had been discharged for cause and that the General Counsel had failed to prove discriminatory intent. For the reasons stated, we uphold the Board and deny the petition for review.

## II

## FACTS

Stephenson was employed as a truck mechanic at Fikse Bros. Inc. (hereafter "the Company"). The Company had a collective bargaining agreement with the Teamsters Union covering its drivers and mechanics, but prior to Stephenson's employment, none of the mechanics had belonged to the union. The agreement provided that mechanics would be paid $5.07 per hour; however, Stephenson began his employment at $3.50 per hour.

In early December, 1973, the Teamsters informed Stephenson that he could join the union. On December 13, the Company's supervisor Marvin Bahre discharged Stephenson because of slow work, poor work quality, and a lack of incentive. Stephenson testified that he had never been warned previously about the quality of his work. He also testified that Bahre had stated at the time of the discharge that there never had been a union for the mechanics and there never would be. Bahre denied making the statement.

Stephenson's discharge was later converted into a warning and his wages were increased as part of an agreement with the union representative. Stephenson testified that his working conditions deteriorated after this incident. Although he had not received any other warnings, on February 11, 1974, Stephenson received a written warning and a three-day suspension for leaving work without permission. Stephenson testified that Henry Fikse (hereafter "Fikse"), the President of the Company, then stated that he did not like him "sneaking around" to the union and costing him extra money. Fikse denied making this statement.

Stephenson returned to work for a short time on February 12, during which time, Stephenson testified, Fikse offered him one week's pay as a compromise regarding $1800 back pay that Stephenson claimed. Stephenson further testified that when he refused the offer, Fikse said he would do anything to get rid of Stephenson. Stephenson also received a warning on February 12 concerning smoking in the shop.

On February 15, Fikse fired Stephenson. Fikse testified that Stephenson had continuously violated company smoking regulations after Fikse had told Stephenson that the fire department was pressuring Fikse to enforce those regulations. Fikse further testified that he found Stephenson smoking over a container of flammable solvent just prior to the discharge. Fikse also testified that prior to Stephenson's employment, another mechanic had been burned when solvent had come into contact with a hot engine.

Stephenson admitted the smoking, but he testified that he was only near and not above the solvent container and since it was used solvent, it was therefore not very flammable. Stephenson contends that he was discharged because of his union activities.

Stephenson filed a grievance under the provisions of the collective bargaining agreement. The arbitration panel concluded that Stephenson had been wrongfully discharged; it ordered reinstatement and $250 compensation for his unemployment from February 15 to the date of the award.

Stephenson neither cashed nor sent back a check for $250 and did not show up for reinstatement. He believed the award unfair and contended that Fikse never specifically offered reinstatement. Fikse again discharged Stephenson. Stephenson never filed a grievance for the second discharge or his claim of $1800 in back pay.

Stephenson then filed a charge with the Board in which he alleged that the company discharged him because of union activities. The administrative law judge did not resolve the contradictory testimony. Rather,

he deferred to the arbitration award and dismissed the complaint. He noted, however, that except for the arbitration award, he would have found that the Company was justified in discharging Stephenson for smoking over the container of flammable solvent.

The general counsel filed specific exceptions to the decision. Stephenson did not file any exceptions. The Board affirmed the decision of the administrative law judge. On appeal, this court held that the Board erred in deferring to the arbitration award when the arbitration panel had not clearly decided the underlying unfair labor practice issue. It therefore vacated the Board's order and remanded. *Stephenson v. N. L. R. B.*, 550 F.2d 535, 537–38 (9th Cir. 1977).

Stephenson did not ask for remand to the administrative law judge for any credibility resolutions. Instead, he relied on the facts as stated in Board Chairman Fanning's original dissent and in the general counsel's prior statement of position on remand. Chairman Fanning's original dissent recited both the uncontradicted and the contradicted evidence and apparently based his conclusions on all that evidence. *Fikse Bros. Inc.*, 220 NLRB 1301, 1302 (1975) (Chairman Fanning, dissenting). The general counsel did not request remand to the administrative law judge for credibility resolutions regarding the contradicted evidence. He argued that the uncontradicted evidence was sufficient to prove that the Company discharged Stephenson because of his union activities and that any other reasons were pretextual.

On remand, the Board held that the Company had discharged Stephenson for cause and that the general counsel had failed to prove a discriminatory motive. Chairman Fanning again dissented. It is from this decision and the resultant order that Stephenson now petitions for review.

### III

### THE PROPER TEST FOR EVALUATING AN EMPLOYEE DISCHARGE

■ Stephenson argues that an employer commits an unfair labor practice even when a discharge is only partially motivated by anti-union animus.

Stephenson's argument fails. This court has held that the proper test in determining whether the discharge of an employee is an unfair labor practice is whether the anti-union animus was the moving cause, *Western Exterminator Co. v. N. L. R. B.*, 565 F.2d 1114, 1118 (9th Cir. 1977); *N. L. R. B. v. West Coast Casket Company, Inc.*, 469 F.2d 871, 874 (9th Cir. 1972); *N. L. R. B. v. Ayer Lar Sanitarium*, 436 F.2d 45, 50 (9th Cir. 1970); *N. L. R. B. v. Security Plating Co.*, 356 F.2d 725, 728 (9th Cir. 1966), or the "but-for" cause, *N. L. R. B. v. Klaue*, 523 F.2d 410, 413 (9th Cir. 1975); *Ayer Lar Sanitarium*, 436 F.2d at 50. *Cf., Waterbury Community Antenna Inc. v. N. L. R. B.*, 587 F.2d 90, 98–99 (2d Cir. 1978) (disapproved the partial motivation test to determine whether the discharge of an employee for the exercise of First Amendment rights required reinstatement because only the "but-for" test would not unduly benefit the employee by placing him in a better position than if he had not engaged in any protected activity). Although the court has previously expressed concern that the two standards may diverge, *see Polynesian Cultural Center, Inc. v. N. L. R. B.*, 582 F.2d 467, 473–74 (9th Cir. 1978), they are equivalent. *Ayer Lar*, 436 F.2d at 50. Thus, we conclude that anti-union animus must be the motivating factor, i. e., the "but-for" cause of the discharge to give rise to an unfair labor practice.

### IV

### THE EXISTENCE OF SUBSTANTIAL SUPPORTING EVIDENCE

■ The Board's conclusion that the Company did not violate § 8(a)(3) by discharging Stephenson must be upheld if substantial evidence on the record considered as a whole supports a conclusion that a legitimate business reason was the motivating factor, i. e., the "but-for" cause of the discharge. *See Universal Camera Corp. v. N. L. R. B.*, 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951); *Polynesian Cultural*

*Center,* 582 F.2d at 473. The court must not limit its consideration to supporting evidence while excluding contradictory evidence. *Universal Camera,* 340 U.S. at 487–88, 71 S.Ct. 456.

■ Substantial credible evidence on the record as a whole supports the conclusion that Stephenson was discharged because of a legitimate business reason. Stephenson admitted that he had once been warned previously about smoking within the work area. He also admits that he was smoking near a container of solvent. Stephenson did not contradict Fikse's contention that the Company had been warned by fire officials regarding smoking in the work area or that previously an employee had been burned by solvent coming into contact with a hot engine.

Stephenson denies that he was smoking directly over the container of solvent and he contends it was not highly flammable because it was used solvent. He also contends that no testimony was offered of the company rule against smoking or of no smoking signs being posted. However, the evidence is not conclusive that the solvent was not flammable or that Fikse knew that it was not flammable. Moreover, the lack of direct evidence of a company rule against smoking and of the existence of no-smoking signs seems of marginal importance in view of Stephenson's failure in the hearing to challenge the existence of such a rule and his admission that he had been warned previously about smoking in the work area.

Evidence was also introduced that Bahre, the supervisor of the mechanics, was a union member, and that the Company had no troubles with the other mechanic who had joined the union at the same time as Stephenson. There was also no evidence of any prior history of trouble between the Company and the union. Thus, we conclude that the record reflects substantial evidence to support a conclusion that Stephenson was discharged because of the smoking incident and not because of his union activity.

## V

## FAILURE TO RESOLVE THE CONTRADICTED EVIDENCE

Stephenson argues that a large amount of unresolved, contradictory evidence still exists that the Board erroneously refused to consider and that, if it were resolved favorably to him, it would prevent the court from enforcing the Board's order. It is a close question whether substantial evidence would still exist to support the Board if all the contradicted evidence were resolved favorably to Stephenson.

■ Board regulations require that a Board decision contain findings of fact, conclusions of law, and the reasons for those findings, upon all material issues of fact, law, or discretion presented on the record. 29 C.F.R. §§ 101.12(a) and 102.45(a) (1978). Courts have remanded cases to the Board for specific findings when persuasive uncontradicted evidence does not exist to resolve a factual issue. *See, e. g., N. L. R. B. v. Western Clinical Laboratories, Inc.,* 571 F.2d 457, 461 (9th Cir. 1978); *Chauffeurs, Teamsters, and Helpers, Local 633, N. H. v. N. L. R. B.,* 166 U.S.App.D.C. 157, 162, 509 F.2d 490, 495 (D.C.Cir. 1974).

■ The Board argues, however, and we agree, that Stephenson waived his right to raise this issue on petition for review because he never expressly requested remand to the administrative law judge to resolve the contradicted factual issues. Section 10(e) of the National Labor Relations Act, 29 U.S.C. § 160(e), provides that an objection not previously raised before the Board or its agents shall not be considered by this court unless extraordinary circumstances exist to excuse the failure to raise it before the Board. *See generally, N. L. R. B. v. Mine Workers,* 355 U.S. 453, 463–64, 78 S.Ct. 386, 2 L.Ed.2d 401 (1958); *N. L. R. B. v. Children's Baptist Home, Etc.,* 576 F.2d 256 (9th Cir. 1978); *cf.* 29 C.F.R. § 102.46(b) (1978) (any exception by a party to the findings of an administrative law

judge not expressly urged is waived and any exception not in compliance may be disregarded).

In his statement of position on remand, Stephenson stated that he relied on the statement of facts contained in Chairman Fanning's initial dissent and the general counsel's statement of position on remand.[1] Stephenson now argues that he never intended to allow an unfavorable conclusion based on a limited record; he only intended to indicate that sufficient uncontradicted evidence existed for the Board to conclude that the Company committed an unfair labor practice by discharging him.

However, the general counsel stated that it did not want the case remanded to an administrative law judge for resolution of the contradicted evidence. Moreover, Chairman Fanning's initial dissent bases its conclusion that the Company committed an unfair labor practice on both contradicted and uncontradicted evidence. Stephenson's statement of position on remand was ambiguous and caused the Board to interpret it as requesting resolution of the charge without resolution of the contradictory evidence. Counsel for Stephenson stated to the court at oral argument that extraordinary circumstances do not exist, thus precluding any excuse for the failure to raise this issue properly.[2] Under these circumstances, we conclude that Stephenson failed to comply with § 160(e) and has waived his right to raise the issue before the court.[3]

## VI

## THE ARBITRATION AWARD

Stephenson also argues that the Board erred in concluding that the Company had just cause for discharging Stephenson because that decision was contrary to the arbitration panel's conclusion that the Company lacked just cause for discharging Stephenson. This argument cannot stand.

The Board was not entitled to rely upon the finding of the arbitration panel because the panel did not decide whether an unfair labor practice had been committed. It only determined that the collective bargaining argument had been breached. *See Stephenson*, 550 F.2d 537–38. The Board may enforce an arbitration award as part of its power to make remedial orders after concluding that an unfair labor practice had been committed. *N. L. R. B. v. Strong*, 393 U.S. 357, 89 S.Ct. 541, 21 L.Ed.2d 546 (1969). Here, however, the Board found no unfair labor practice. The proper means to enforce a binding arbitration award is an action in district court under 29 U.S.C. § 185. *Truck Drivers Union v. Riss and Co.*, 372 U.S. 517, 519–20, 83 S.Ct. 789, 9 L.Ed.2d 918 (1963). *See Hines v. Anchor Motor Freight Inc.*, 424 U.S. 554,

---

1. Stephenson also failed to file any exceptions to the original decision of the administrative law judge and did not move for reconsideration of these facts. However, these failures do not waive his right to raise the Board's failure to consider the contradicted evidence. Although the original decision of the administrative law judge did not resolve the uncontradicted evidence, it relied on deference to the arbitration award, thus explaining Stephenson's failure to object at that point. A motion for reconsideration must be based on the existence of extraordinary circumstances, and a failure to so move does not constitute a failure to exhaust administrative remedies. 29 C.F.R. § 102.48(d) (1978).

2. Even if Stephenson's counsel had not stated that extraordinary circumstances do not exist, the court perceives no circumstances in this case that are extraordinary. *See N. L. R. B. v. STR, Inc.*, 549 F.2d 641, 642 (9th Cir. 1975).

3. Each of the decisions on which Stephenson relies is distinguishable. *Plumbers Local 342 v. N. L. R. B.*, 4 Lab.L.Rep. (CCH) ¶ 11,049 (D.C. Cir. 1979), and *Associated Grocers of New England, Inc. v. N. L. R. B.*, 562 F.2d 1333 (1st Cir. 1977), did not involve a waiver issue under § 10(e). *Operating Engineers Local 627 v. N. L. R. B.*, 171 U.S.App.D.C. 102, 518 F.2d 1040 (D.C.Cir. 1975), *aff'd in part and vacated and remanded in part sub nom. South Prarie Construction Company v. Local 627, International Union, etc.*, 425 U.S. 800, 96 S.Ct. 1842, 48 L.Ed.2d 382 (1976), did not involve the Board's failure to consider relevant evidence or petitioner's failure to challenge such a failure. *Prestolite Wire Division v. N. L. R. B.*, 592 F.2d 302 (6th Cir. 1979) is distinguishable because there, the petitioner did not discover the Board's failure to include evidence in the record until well after the Board's decision.

562–63, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976).[4]

The petition for review is denied.

---

**4.** Stephenson's reliance on *Chambers v. Local Union No. 639*, 188 U.S.App.D.C. 133, 578 F.2d 375 (D.C.Cir. 1978) and *N. L. R. B. v. Heyman*, 541 F.2d 796 (9th Cir. 1976) is misplaced. They are clearly distinguishable.