**IDAHO FALLS CONSOLIDATED HOSPITALS, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

Nos. 82–7033, 82–7126.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 2, 1982.

Withdrawn from Submission Aug. 23, 1983.

Resubmitted Feb. 13, 1984.

Decided April 25, 1984.

Gary F. Overstreet, Finley, Kumble, Wagner, Heine, Underberg & Manley, Los Angeles, Cal., for petitioner.

Elliott Moore, N.L.R.B., Washington, D.C., for respondent.

Before KENNEDY and SKOPIL, Circuit Judges, and JAMESON,* Senior District Judge.

SKOPIL, Circuit Judge:

Idaho Falls Consolidated Hospitals, Inc. (employer) petitions for review of a National Labor Relations Board decision, 257 NLRB 1045 (1981). The Board found that the employer violated section 8(a)(1), 29 U.S.C. § 158(a)(1), of the National Labor Relations Act and ordered a new election. The Board cross-petitions for enforcement.

We are without jurisdiction to review the Board's election order. In addition, we are unable to review several of the alleged violations because the employer failed to preserve them for appeal. Finally, the record lacks substantial evidence to support the Board's findings on the remaining violations.

FACTS AND PROCEEDINGS BELOW

Two rival unions unsuccessfully sought to represent certain employees of Idaho Falls Consolidated Hospitals. Following an election, timely objections were made that the employer improperly interrogated employees and made promises and threats constituting unfair labor practices. An Administrative Law Judge (ALJ) found four isolated violations of section 8(a)(1) but ruled that the violations were insufficient to upset the election results. The ALJ rejected alleged violations involving (1) grievance solicitation and (2) a meeting between several doctors and some employees.

On review, the Board sustained the unchallenged violations of section 8(a)(1). Additionally, in response to exceptions filed by the General Counsel, the Board reversed the ALJ's finding of no additional violations. The Board set aside the original election and remanded to the Regional Director for a new election.

ISSUES

1. Did the employer waive review of several of the section 8(a)(1) viola-

* The Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

tions by failing to object before the Board?

2. Is there substantial evidence to support the Board's finding that the employer committed an unfair labor practice by soliciting grievances?

3. Is there substantial evidence to support the Board's finding that the doctor/employee meeting constituted unfair labor practices?

4. Is the Board's election order reviewable?

## STANDARD OF REVIEW

■ We will enforce the Board's order if the Board correctly applied the law and if its findings of fact are supported by substantial evidence in the record viewed as a whole. *Royal Development Co. v. NLRB*, 703 F.2d 363, 366 (9th Cir.1983). This standard does not change when the Board and ALJ make contrary findings. *NLRB v. Brooks Cameras, Inc.*, 691 F.2d 912, 915 (9th Cir.1982). Nevertheless, the ALJ's findings are part of the record to be weighed along with other opposing evidence, against the evidence supporting the Board's decision. *Id.*

## DISCUSSION

### 1. Waiver of Issues

■ Section 10(e), 29 U.S.C. § 160(e) states, *inter alia*, that "[n]o objection that has not been urged before the Board ... shall be considered by the court, unless the failure or neglect ... shall be excused because of extraordinary circumstances." The provision is intended to ensure that the Board is given the opportunity to utilize its expertise and that we have the benefit of the Board's opinion in reviewing the matter. *NLRB v. Sambo's Restaurant, Inc.*, 641 F.2d 794, 796 (9th Cir.1981). The failure here of the employer to object to the ALJ's findings before the Board precludes the raising of those issues on appeal. *NLRB v. Selvin*, 527 F.2d 1273, 1276–77 (9th Cir.1975). No showing of extraordinary circumstances has been made and accordingly, the Board's finding of those unfair labor practices violations must be tak-

en as established. *NLRB v. STR, Inc.*, 549 F.2d 641, 642 (9th Cir.1977).

### 2. Grievance Solicitation

The Board found that a conversation between a supervisor and an employee constituted a solicitation of grievances that carried with it an implied promise that such grievances would be remedied. The supervisor, Garnet Brown, testified that when she first became aware of the organization campaign, she telephoned an employee known to be active in the union. Brown asked the employee if they could discuss what difficulties or problems precipitated the union activity. Brown assured her that she would not be fired or forced to quit. The two then engaged in a lengthy and candid conversation discussing job security and wage increases. The ALJ found that Brown's attempt to discern the problems troubling the employees did not amount to coercive interrogation or a solicitation of grievances because "no promises, express or implied, were made by Brown." The Board rejected that finding based upon Brown's statements that she had an "open door policy" and that if employees had a problem, they should consult their head nurse.

■ We have previously enforced the Board's finding of unfair labor practices based on grievance solicitation. *E.g.*, *NLRB v. Catalina Yachts*, 679 F.2d 180, 181 (9th Cir.1982); *NLRB v. Western Drug*, 600 F.2d 1324, 1325 (9th Cir.1979). We also have held that promises of benefits during an election campaign intended to demonstrate to employees that they could have their problems satisfied without a union are clearly a section 8(a)(1) violation. *NLRB v. Miller Redwood Co.*, 407 F.2d 1366, 1368 (9th Cir.1969). But the mere solicitation of employee grievances prior to an election is not a per se violation. *NLRB v. Arrow Molded Plastics, Inc.*, 653 F.2d 280, 283 (6th Cir.1981); *NLRB v. Eagle Material Handling, Inc.*, 558 F.2d 160, 164 (3d Cir.1977). Solicitation becomes an unfair labor practice when accompanied by either an implied or express promise that the grievances will be remedied and under circumstances giving rise to the inference

that the remedy will only be provided if the union loses the election. *Arrow Molded Plastics*, 653 F.2d at 283; *NLRB v. K & K Gourmet Meats, Inc.*, 640 F.2d 460, 466 (3d Cir.1981). An expressed willingness to listen to grievances is not sufficient to constitute a violation. *K & K Gourmet Meats*, 640 F.2d at 467.

■ We are unable to find substantial evidence in the record to support the Board's findings. We agree that Brown expressed a willingness to listen to grievances. But we find no evidence of Brown's promise to correct or resolve any grievances.

### 3. Doctor/Employee Meeting

On several occasions prior to the election, employee Betty Anderson spoke with Doctor Shrader about his views of the unions' campaign. As a result of these conversations, a meeting was organized involving approximately 30 employees and several doctors. The doctors were all private practitioners on the employer's staff. Additionally, Drs. Shrader and Richtsmeier were part-time employees each with the title of "Medical Director" of their respective departments.

Dr. Shrader opened the meeting by explaining that he and the other doctors did not represent the medical staff but were there only to express their personal opinions on the union effort. Thereafter each doctor explained his position. One said he believed they should form an internal organization instead of joining a national union. Several expressed their concern that a union would give the employees the power to shut down the hospital and that such a power might jeopardize patient care. Several physicians indicated that this possibility would cause them to consider leaving the hospital. While the viewpoints were generally cautious toward unions, several doctors openly criticized the administration and related their own grievances. During the latter part of the meeting, there was discussion about incorporating the doctors into the union effort. The meeting ended with an invitation by some employees that the doctors join them for another meeting at the union hall.

The Board found that the doctors were managerial employees who committed unfair labor practices by threatening to close the hospital and by advocating and soliciting the employees to form an independent union. In contrast, the ALJ made no express findings whether the doctors were managerial employees. The ALJ found that it was "repeatedly made clear" that the physicians were expressing their personal views and that their statements could not reasonably be imputed to the employer.

■ An employer may be held responsible for anyone acting as its agent if employees could reasonably believe that the agent was speaking for the employer. *NLRB v. International Medication Systems, Ltd.*, 640 F.2d 1110, 1112 n. 1 (9th Cir.1981), *cert. denied*, 455 U.S. 1017, 102 S.Ct. 1712, 72 L.Ed.2d 134 (1982). Even employee statements can be imputed to management if there is reasonable cause for other employees to associate the employee with management. *NLRB v. Litho Press of San Antonio*, 512 F.2d 73, 75 (5th Cir.1975). Statements prefaced with remarks that they represent personal opinion are not conclusive of whether the statements are made on behalf of management. *NLRB v. Geigy Co.*, 211 F.2d 553, 557 (9th Cir.1954). Whether "subsequent statements to the employees are to be attributed to [the employer] depends upon whether the employees might reasonably have believed that in making them [the speaker] was acting for and on behalf of management." *Id.*

■ We find no substantial evidence in the record to support the Board's findings that the doctors' statements were made on behalf of the employer. We agree with the ALJ that the evidence "strongly supports" the conclusion that the physicians were expressing their personal preferences rather than the administration's. The employees did not have reasonable cause to believe otherwise.

### 4. Election Order

■ The employer seeks review of the Board's order requiring a new election.

We do not have jurisdiction to directly review election orders. *Raley's, Inc. v. NLRB*, 725 F.2d 1204 (9th Cir.1984) (en banc). Appellate review is limited to the indirect route provided by section 9(d), 29 U.S.C. § 159(d). *Id.* at 1206.

## CONCLUSION

We enforce that portion of the Board's decision concerning the unfair labor practices unchallenged by the employer. We decline to enforce the Board's finding of unfair labor practices stemming from the grievance solicitation charge and from the meeting. We cannot review the Board's election order.

ENFORCED IN PART, DENIED IN PART.