NOT FOR PUBLICATION

FILED

OCT 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, | No. 19-70392 |
| Petitioner, | NLRB No. 28-CA-181573 |
| v. | MEMORANDUM* |
| NATURAL LIFE, INC. D/B/A HEART AND WEIGHT INSTITUTE, | |
| Respondent. | |

On Application to Enforce an order of the
National Labor Relations Board

Argued and Submitted August 31, 2020
Seattle, Washington

Before: BYBEE and COLLINS, Circuit Judges, and BASTIAN,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Stanley Allen Bastian, United States Chief District Judge for the Eastern District of Washington, sitting by designation.

The National Labor Relations Board ("NLRB" or "Board") petitioned for enforcement of its order issued against Natural Life d/b/a Heart and Weight Institute (Natural Life) finding that Natural Life violated section 8(a)(1) of the National Labor Relations Act ("NLRA" or "Act") when it: (1) discharged nine employees after they engaged in protected concerted activities; (2) created an impression of surveillance of the protected activities; and (3) informed employees they were discharged and would not be rehired because of their protected concerted activities. We have jurisdiction pursuant to 29 U.S.C. § 160(e) and will enforce the NLRB's order.

"We will uphold decisions of the NLRB if its findings of fact are supported by substantial evidence and if it correctly applied the law." *N.L.R.B. v. Unbelievable, Inc.*, 71 F.3d 1434, 1438 (9th Cir. 1995) (citation omitted). "Substantial evidence is more than a mere scintilla, but less than a preponderance." *N.L.R.B. v. Int'l Bhd. of Elec. Workers, Local 48, AFL-CIO*, 345 F.3d 1049, 1053–54 (9th Cir. 2003) (quotation omitted). On questions of law, we will uphold the Board's decisions interpreting the NLRA as long as they are reasonably defensible. *Id.*

A party challenging an evidentiary ruling on appeal must show not only that the Board abused its discretion, but that its case was prejudiced as a result of the Board's error. *N.L.R.B. v. Bakers of Paris, Inc.*, 929 F.2d 1427, 1434 (9th Cir. 1991).

1.      Natural Life forfeited its objections to the ALJ's findings that it violated § 8(a)(1) by creating an impression of surveillance and by telling employees they were terminated and would not be rehired because of their protected concerted activities. The Board specifically held that Natural Life had not properly raised any objection to these findings before the Board, and Natural Life waived these objections when it failed to challenge the Board's ruling on this score. *See Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008) (noting that arguments not raised by a party in its opening brief are deemed waived).

2.      Substantial evidence supports the ALJ's finding that Natural Life employee Linda Guggia had actual and apparent authority when she told employees they were terminated for their protected activities. Under the NLRA, an employer is liable for the unlawful actions of its agents. 29 U.S.C. §§ 152(2), 158(a). The Board applies common law agency principles to determine whether an employee, in taking a particular action, is acting with authority on behalf of her employer.

3

*N.L.R.B. v. Friendly Cab Co., Inc.*, 512 F.3d 1090, 1096 (9th Cir. 2008). "An employer may be held responsible for anyone acting as its agent if employees could reasonably believe that the agent was speaking for the employer." *Idaho Falls Consol. Hosp., Inc. v. N.L.R.B.*, 731 F.2d 1384, 1387 (9th Cir. 1984) (citation omitted).

Konstantine Stoyanov, owner and president of Natural Life, admitted he gave Guggia authority to hold the July 27, 2016 meeting, inform employees they were being discharged, and rehire some of them a few days later. He admitted that Guggia represented him when she explained to the employees "why the room was closing." Moreover, Guggia testified that Stoyanov gave her authority to conduct the meeting. Also, Guggia's statements at the meeting, as well as her prior history of being the sales manager and filling in for the manager when he was absent, would have led employees to reasonably believe she was speaking as a management representative.

3.  While the ALJ erred in drawing an adverse inference based on the missing witness rule, the Board correctly concluded such error was harmless, given that the ALJ properly concluded that Natural Life discharged its employees in retaliation

for their engaging in protected concerted activity, not because there was no available manager.

4.      Even if the ALJ erred in rejecting the one-page profit and losses document, Natural Life has not shown how it was prejudiced, given that the ALJ considered its financial situation as reflected in the rejected document and in Stoyanov's testimony when it concluded Natural Life's proffered reason for its actions (financial distress) was pretextual.

ORDER ENFORCED.