356 F.2d 59
 ALASKA STEAMSHIP COMPANY, a corporation, and Northern
Commercial Company, a corporation, d/b/a Northern
Commercial Co. River Lines, Petitioners,
v.
FEDERAL MARITIME COMMISSION and United States of America, Respondents.
 No. 20351.
 United States Court of Appeals Ninth Circuit.
 Feb. 2, 1966.
 
 Edward G. Dobrin, Stanley B. Long, Arthur G. Grunke, Bogle, Gates, Dobrin, Wakefield & Long, Seattle, Wash., for petitioners.
 Donald F. Turner, Asst. Atty. Gen., Irwin A. Seibel, Atty., Dept. of Justice, Washington, D.C., M. C. Miskovsky, Sol., Walter H. Mayo, III, Atty., Federal Maritime Comm., Washington, D.C., for respondents.
 Before HAMLEY, MERRILL and DUNIWAY, Circuit Judges.
 HAMLEY, Circuit Judge:
 
 
 1
 This is a second review proceeding in a case involving the seasonal rates of Alaska Steamship Company (Alaska Steam) and Northern Commercial Company as prescribed for future application by the Federal Maritime Commission. In our first decision, rendered on April 15, 1965, we reversed and remanded the cause to the Commission for further proceedings. Alaska Steamship Company v. Federal Maritime Commission, 9 Cir., 344 F.2d 810. This second opinion has been prepared on the assumption that the reader is familiar with our prior decision. As in the prior review, Alaska Steam will be referred to as though it were the only petitioner.
 
 
 2
 In an order dated August 19, 1965, following the remand by this court, the Commission made certain corrections in the income tax allowance of Alaska Steam, pursuant to this court's direction. At the same time the Commission denied a renewed motion to reopen the Commission proceedings for the reception of later operating figures to be utilized in arriving at a rate of return for the seasonal service. This second petition to review was then filed on September 7, 1965.
 
 
 3
 After oral argument this court on November 17, 1965, denied petitioner's application for an interlocutory injunction, without prejudice to the filing, on or after March 15, 1966, of a motion for an order staying the effective date of newly-filed rates. At the same time, the court passed the application to adduce additional evidence to the hearing on the merits.
 
 
 4
 In its renewed motion to reopen, filed with the Commission following the remand, Alaska Steam requested an opportunity to be heard on the motion if the Commission anticipated consideration of new factors not drawn to the attention of this court on the original review. In passing upon the motion the Commission purported to consider new factors, yet it denied the motion without granting Alaska Steam the requested hearing. The company contends that the failure to grant a hearing on the motion deprived it of due process of law under the Fifth Amendment, and was violative of section 5(a) and (b) of the Administrative Procedure Act, 60 Stat. 239 (1946), 5 U.S.C. 1004(a) and (b), (1964).
 
 
 5
 A proceeding to prescribe rates for future application is rule-making in nature. See section 2(c) of the Administrative Procedure Act, 60 Stat. 237 (1946), 5 U.S.C. 1001(c) (1964). In legislation or rule-making there is no constitutional right to a hearing. Superior Oil Company v. Federal Power Commission, 9 Cir., 322 F.2d 601, 609.
 
 
 6
 Section 5(a) and (b) of the Administrative Procedure Act, upon which Alaska Steam relies as providing a statutory right to a hearing, relates not to rulemaking but to adjudications.[1] The statute governing the procedure in administrative rule-making is section 4 of the Administrative Procedure Act, 60 Stat. 238 (1946), 5 U.S.C. 1003 (1964). Subsection (b) of section 4 provides that the agency shall afford interested persons an opportunity to participate in the rule-making through submission of written data, views, or arguments '* * * with or without opportunity to present the same orally in any manner * * *.'
 
 
 7
 Alaska Steam was accorded an opportunity to submit its views in writing concerning the motion to reopen, and took advantage of the opportunity. Failure to accord the company a hearing therefore did not violate the Administrative Procedure Act.[2]
 
 
 8
 Alaska Steam contends that, apart from the failure to grant a hearing, the denial on August 19, 1965, of its motion to reopen was arbitrary and capricious and an abuse of discretion.
 
 
 9
 The company argues that, in our prior decision, we held in effect that tested by the considerations then drawn to our attention by the Commission, the denial of the motion to reopen was arbitrary and capricious. It follows, the company urges, that unless the Commission came forward in the remanded proceedings with additional considerations not previously drawn to our attention, which would warrant denial of the renewed motion to reopen, denial of the renewed motion would likewise be arbitrary and capricious. The company asserts that no new considerations warranting such denial were alluded to by the Commission in denying the renewed motion.
 
 
 10
 That the language of our prior decision is susceptible of such an interpretation is indicated by the fact that the Commission's Hearing Counsel, and perhaps even the Commission itself, have similarly construed it. Our intent, however, was to leave undecided the question of whether, on the record as it then stood, the Commission's action in denying the original motion to reopen was arbitrary and capricious. We thought it was a close question but foresaw the possibility that the remand which was in any event required, plus new considerations which the Commission might draw to our attention, would present a clearer picture.
 
 
 11
 In denying the renewed motion the Commission first restated, in amplified form, the considerations which led it to deny the similar motion when first made prior to the last review. The agency reaffirmed its initial finding that the test year utilized in formulating the rate order was 'representational' of Alaska Steam's history of operations.[3] The Commission also pointed out that a reopening, unlike the recomputation of the income tax, would not be a perfunctory matter. Such a reopening would entail a new adversary proceeding before the Examiner, with the taking of testimony, filing of briefs, an initial decision, exceptions thereto, oral argument to the Commission and a final decision.[4] Reference was made to court decisions in which claims of litigants for rehearings to bring the record up to date were condemned as disruptive of the administrative process.[5]
 
 
 12
 As a new consideration not previously brought to our attention, the Commission noted that while repeatedly asserting that the results of its operations subsequent to November, 1962, have been disastrous, Alaska Steam has filed no new increases since December of 1961.[6]
 
 
 13
 Having in view the broad discretion vested in administrative agencies in determining whether to grant a motion to reopen a proceeding,[7] and the specific considerations relied upon by the Commission as recounted above, we hold that the denial of the renewed motion to reopen the agency proceedings was not arbitrary and capricious, nor an abuse of discretion.
 
 
 14
 Alaska Steam contends that, in its order of August 19, 1965, the Commission made certain errors which improperly increased the company's rate of return in the seasonal service. These asserted errors have to do with the allocation of administrative and general expense, the deduction of interest in determining federal income tax, and the treatment of charter operations of the vessel TALKEETNA.
 
 
 15
 The Commission asserts that since the company did not raise these questions on the previous review it should not now be permitted to raise them for the first time.
 
 
 16
 We agree that if these questions could reasonably have been foreseen, they should have been raised on the prior review. However, we are not certain that any or all of these questions reasonably could have been foreseen. The amounts involved are relatively modest although sufficient to affect the company's rate of return to some extent. Each of the three asserted errors involves a rather intricate accounting problem concerning which the Commission has expertise and we do not. Insofar as we can determine from the rather limited presentation of these questions on this second review, the Commission did not act arbitrarily and capriciously in any of the respects urged.
 
 
 17
 Proceeding under section 7(c) of the Judicial Relief Act, 64 Stat. 1130 (1950), as amended, 5 U.S.C. 1037(c) (1964), Alaska Steam applied to this court for leave to adduce additional evidence. The evidence to be adduced, the company asserted, would support its contention that the Commission's rate report of March 5, 1964, as modified in its order of August 19, 1965, results in confiscation, deprivation and taking of the property of Alaska Steam for public use without just compensation contrary to the Fifth Amendment.
 
 
 18
 Considering the company's continuing right to file new tariffs showing rate increases, we hold that confiscation and lack of due process of law are not sufficiently indicated to warrant a further protraction of these proceedings by granting the application to adduce additional evidence. Baltimore & O.R.R. v. United States, 298 U.S. 349, 56 S.Ct. 797, 80 L.Ed. 1209, on which Alaska Steam relies, involved rate divisions as to which the company could not obtain relief through new tariff filings.
 
 
 19
 The application to adduce additional evidence is denied. The Commission order under review is affirmed.
 
 
 
 [1]
 This is also true of Green Spring Dairy v. Comm'r of Internal Revenue, 4 Cir., 208 F.2d 471, 475, on which the company also relies
 
 
 [2]
 This is not to say that the Commission could receive evidence in the course of actually setting rates without according Alaska Steam an opportunity to crossexamine examine witnesses and present its own evidence. See section 3 of the Intercoastal Shipping Act, 47 Stat. 1426 (1933), as amended, 46 U.S.C. 845 (1964), which clearly contemplates a hearing under such circumstances. This statute does not, however, encompass a motion to reopen Commission proceedings
 
 
 [3]
 The test year consisted of actual results of operations for January through October of 1962, with projected results for November and December of 1962
 
 
 [4]
 In this connection the Commission called attention to section 3 of the Intercoastal Shipping Act, 47 Stat. 1426 (1933), which amended, 46 U.S.C. 845 (1964), which provides that the Commission shall give preference to the hearing and decision of rate questions and decide the same 'as speedily as possible.'
 
 
 [5]
 See, e.g., Interstate Commerce Commission v. City of Jersey City, 322 U.S. 503, 514-515, 64 S.Ct. 1129, 88 L.Ed. 1420
 
 
 [6]
 While a provision of the Commission's May 12, 1964 order, under review in the prior proceeding, prohibited the filing of tariffs which increase rates, the company sought and obtained an injunction against the effectiveness of that order during the pendency of the prior review proceedings
 
 
 [7]
 See Wilson & Co. v. United States, 7 Cir., 335 F.2d 788, 799; Virginia Petroleum Jobbers Association v. Federal Power Commission, 110 U.S.App.D.C. 339, 293 F.2d 527, 529