**REESE SALES COMPANY, Petitioner,**

v.

**Clifford M. HARDIN, Secretary of Agriculture, Respondent.**

**No. 25207.**

United States Court of Appeals, Ninth Circuit.

March 31, 1972.

Rehearing Denied April 20, 1972.

Douglas D. Peters (argued), of Felthous, Brachtenbach, Peters & Schmalz, Selah, Wash., for petitioner.

Thomas J. Press (argued), Alan S. Rosenthal, Patricia S. Baptiste, William D. Ruckelshaus, Asst. Atty. Gen., John Mitchell, Atty. Gen., Washington, D. C., Dean C. Smith, U. S. Atty., Spokane, Wash., for respondent.

Slade Gorton, Atty. Gen., Emanuel E. Rosatto, Asst. Atty. Gen., Olympia, Wash., as amicus curiae for Donald W. Moos, Director of Agriculture for State of Wash.

Before HUFSTEDLER and KILKENNY, Circuit Judges, and SMITH, District Judge.*

KILKENNY, Circuit Judge:

Petitioner seeks a review of a final order of the Secretary of Agriculture revoking its license issued pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a et seq.

### FACTS

On April 17, 1969, petitioner, a licensed dealer under the Act, was notified by letter that the Department of Agriculture had received numerous complaints about its failure to comply with the provisions of the Act and promptly pay for purchases of fruit and vegetables. The letter listed twenty-six in-

---

* The Honorable Russell E. Smith, United States District Judge for the District of Montana, sitting by designation.

stances involving nine sellers. The letter notified petitioner that such violations could result in a revocation or suspension of its license,[1] fixed a time limit for making explanations why disciplinary action should not be instituted, and invited a response.[2] Petitioner failed to respond to the invitation extended in the letter.

On June 3, 1969, a formal complaint was filed against petitioner, a Washington corporation, charging that during the period between October 23, 1967, and January 12, 1968, petitioner had accepted commodities from nine separate sellers in twenty-six separate transactions and that petitioner had failed to make full payment for the agreed prices. The unpaid amounts totalled $19,059.08. Additionally, the complaint charged that the twenty-six instances of failure to make full and prompt payment constituted repeated and flagrant violations of the Perishable Agricultural Commodities Act [7 U.S.C. § 499b], and that the penalty which was warranted was that set out in 7 U.S.C. § 499h. Finally, the complaint notified petitioner of the rules of practice which provide that the failure to answer the complaint within twenty days after service constituted an admission of each of the allegations of the complaint and a waiver of a hearing.[3] On the same day, the respondent, by certified mail, mailed to petitioner a copy of the complaint, together with a copy of the rules of practice governing proceedings under the Act.[4]

Petitioner did not answer the complaint. Accordingly, the hearing examiner adopted as his findings of fact the allegations of the complaint, and concluded that the violations were repeated and flagrant and that petitioner's license should be revoked. The recommended decision was served on petitioner, who

---

1. "Failure to make full payment promptly of the agreed purchase prices for fruits and vegetables purchased in interstate commerce are violations of Section 2 of the Act. Such violations are sufficient grounds for instituting disciplinary action which could result in the revocation or suspension of your license."

2. "You are afforded this opportunity to furnish us with any explanation that you may have and any reason why such disciplinary action should not be instituted against you. Your acknowledgment [sic] of this letter and your comments and explanations pertaining to the above should reach this office by May 1, 1969."

3. 7 C.F.R. § 47.8.
   "(a) *Filing and service.* Within 20 days after service of the formal complaint, unless extension of time has been requested and granted, the respondent may file with the Division, an answer, in triplicate, signed by the respondent or his attorney. A copy of the answer shall be served upon the complainant by the Division as provided in § 47.4."
   "(c) *Failure to file answer; effect of.* Failure to file an answer within the time prescribed shall constitute a waiver of hearing and an admission of the facts alleged in the complaint. If the facts deemed admitted are considered insufficient to support the amount of reparation sought, the proceeding shall continue on the question of damages only."

4. "A complaint under the Perishable Agricultural Commodities Act, 1930, as amended, has been received and filed against you by the Director of the Fruit and Vegetable Division, Consumer and Marketing Service. A copy of the complaint is served upon you herewith.
   Enclosed is a copy of the rules of practice governing proceedings under the Act. In accordance with these rules of practice, you will have 20 days after the receipt of this letter within which to file with this office an answer, in triplicate. Unless you wish to admit all of the allegations of the complaint, in which case your answer should so state, your answer should contain a definite statement of the facts which constitute the grounds for defense, and should specifically admit, deny, or explain each of the allegations of the complaint. Failure to file an answer to, or plead specifically to, any allegations of the complaint shall constitute an admission of such allegations.
   Within the same time allowed for the filing of the answer, you may, if you wish, request an oral hearing. Failure to file such a request will constitute a waiver, on your part, of oral hearing, and the issues may be decided, in that event, in accordance with the shortened procedure prescribed in section 47.38 of the rules of practice."

was permitted twenty days in which to file exceptions. None were filed. Consequently, on September 3, 1969, the judicial officer issued a final decision and order adopting the recommended decision and proposed order of the hearing examiner. Thereafter, petitioner filed a petition for rehearing and reconsideration of the order, challenging the correctness of a number of findings and asserting that the amounts owing had, of that date, been paid. The only reason given for his failure to respond to the complaint was the pressure of business. In response, the complaint counsel emphasized that petitioner had defaulted in one other disciplinary proceeding, as well as in ten reparation proceedings, including eight of the defaults charged in the complaint.

After summarizing the arguments made by petitioner and the complainant's reply, including the history of prior reparation and disciplinary proceedings in which petitioner had defaulted, the judicial officer concluded:

"[Petitioner] has not presented a convincing case for rehearing or reconsideration. The fact that after reparation orders were issued and after the license was ordered revoked in this proceeding, respondent [petitioner here] for the first time made efforts to pay does not absolve it from failing to pay fully and promptly as required by Section 2 of the act." (7 U.S.C. § 499b(4)).

Shortly thereafter, the judicial officer issued an order dismissing the petition for rehearing.

## ISSUES

### DID JUDICIAL OFFICER ERR IN REFUSING TO REOPEN PROCEEDINGS?

We commence with the premise that the judicial officer may grant reconsideration of a final decision only on a showing of error, and he may refuse to grant reconsideration if he concludes that the questions raised by the petition have been sufficiently considered in the

issuance of the order, 7 C.F.R. § 47.-42(a). He may order a hearing reopened to take further evidence only upon a showing of good reason why the evidence was not adduced at an earlier hearing. 7 C.F.R. § 47.42(b).

It has been uniformly held that rehearings before administrative bodies are addressed to their own discretion. Only a showing of the clearest abuse of discretion can sustain an exception to that rule. United States v. Interstate Commerce Commission, 396 U.S. 491, 90 S.Ct. 708, 24 L.Ed.2d 700 (1970); United States v. Pierce Auto Freight Lines, 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821 (1946); Interstate Commerce Commission v. Jersey City, 322 U.S. 503, 64 S. Ct. 1129, 88 L.Ed. 1420 (1944); Alaska Steamship Co. v. Federal Maritime Commission, 356 F.2d 59 (9th Cir. 1966).

The stated reason for failing to answer the charges until after the final decision was rendered, was that the president of petitioner was preoccupied with business matters and ". . . apparently [let the matter get] away from him." We ask what could be more pressing business than a pending action which threatened revocation of the license under which the business was operated? Clearly, the judicial officer's conclusion that the reason given for reconsideration *was not convincing*, would not amount to an abuse of discretion. For that matter, on the record before us, the judicial officer had no alternative. Moreover, there is no substance to petitioner's claim that its payment in September of 1969 of money owed to the sellers from November, 1967, through January, 1968, constituted a valid excuse and reparation for "failing to pay fully and promptly" as required by Section 2 of the Act.

Petitioner's argument that the interjection into these proceedings of the history of prior violations requires us to overturn the judicial officer's order denying the petition is, likewise, without merit. It is clear that even though the prior violations had never

been referred to by the complainant, the petition for rehearing would, nevertheless, have been denied. This is made evident by the officer's order dismissing the petition in which he concluded that there was no clear or convincing case for rehearing, that late payment did not fulfill the requirement of prompt payment, and that the violations referred to in the complaint were repeated and flagrant. It is only when an agency has decided a case on a basis other than that on which it was brought, does petitioner's rule apply. Rodale Press, Inc. v. F.T.C., 132 U.S.App.D.C. 317, 407 F.2d 1252, 1258 (1968). Here, the record demonstrates that the petition was denied on the basis of the allegations in the original complaint.

## JUDICIAL REVIEW OF ORIGINAL ORDER

Aside from the review of the order dismissing the petition for rehearing, petitioner would have us review the original decision of the judicial officer in (1) holding that the twenty-six violations of the Act by petitioner were repeated and flagrant, (2) basing his conclusions on the factual allegations contained in the complaint without supporting evidence, and (3) failing to comply with certain procedures prior to issuing the license revocation order. We previously mentioned that under 7 C.F.R. § 47.30(b) and (c), the failure to answer the complaint constituted an admission of each of the allegations and a waiver of a hearing. Petitioner made no attempt to file exceptions to the examiner's initial decision and made no request for an oral argument before the judicial officer.

In these circumstances, we hold that the doctrine of exhaustion of administrative remedies and the related rule that issues not effectively presented to an administrative agency bar the petitioner from raising these points on review. Federal Communications Commission v. Schreiber, 381 U.S. 279, 296–297, 85 S.Ct. 1459, 14 L.Ed.2d 383 (1965); United States v. L. A. Tucker Truck Lines, 344 U.S. 33, 73 S.Ct. 67, 97 L.Ed. 54 (1952). It is only when the agency lacks power or jurisdiction to proceed that the action of an agency can be challenged on review, in the absence of a timely objection. United States v. Tucker Truck Lines, *supra*, p. 38, 73 S.Ct. 67, 97 L.Ed. 54. On the basis of the complaint before us and the procedure followed in serving the complaint, as shown by the record, we hold that the judicial officer had power and authority to enter the order revoking petitioner's license. Consequently, the petitioner having failed to answer, or otherwise respond to the charges in the complaint, cannot here attack the challenged order.

## OTHER CONTENTIONS

Despite our conclusions just stated, we have proceeded to analyze petitioner's other contentions and cited authorities, including those urged in the brief of Amicus Curiae. The arguments are not persuasive and, as we read them, the authorities are not in point. Clearly, the action of the Judicial Officer in holding that the twenty-six separate violations of the Act resulting in $19,059.08 in unpaid accounts constituted repeated and flagrant violations of the Act, was not erroneous. Since the violations did not occur simultaneously, they must be regarded as "repeated" violations. Zwick v. Freeman, 373 F.2d 110, 115 (2d Cir. 1967), cert. denied, 389 U.S. 835, 88 S.Ct. 43, 19 L.Ed.2d 96 (1967). The mere lumping of the acts into categories did not conceal their number, nor mask the willfulness of the acts. Eastern Produce Co. v. Benson, 278 F.2d 606 (3d Cir. 1960). The admitted allegations of the complaint manifestly support the officer's conclusion that the violations were "flagrant". *Zwick, supra,* 373 F.2d p. 115.

The record before us refutes petitioner's argument that respondent failed to comply with the procedural provisions of 5 U.S.C. § 558(c).

The Petition for review is denied.

The Order of the Secretary is affirmed.