NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

SAMBO'S RESTAURANT, INC.,
Respondent.

No. 80–7176.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 10, 1981.

Decided April 6, 1981.

Linda Weisel, Washington, D. C., for petitioner.

Robert G. Hulteng, Littler, Mendelson, Fastiff & Tichy, San Francisco, Cal., for respondent.

Before SKOPIL and FARRIS, Circuit Judges, and MacBRIDE, District Judge.*

SKOPIL, Circuit Judge:

The National Labor Relations Board ("the Board") seeks enforcement of its order, 247 NLRB No. 122, requiring Sambo's Restaurant, Inc. to cease and desist from

* Honorable Thomas J. MacBride, Senior United States District Judge for the Eastern District of California, sitting by designation.

unfair labor practices at its San Bruno restaurant and to take other specific remedial actions. We grant enforcement.

## I.

Local 340 of the Hotel and Restaurant Employees and Bartenders Union ("the Union") began a campaign to organize the employees at Sambo's San Bruno restaurant. Approximately 45 employees worked at the restaurant during the campaign. Fourteen employees signed valid authorization cards in support of the Union. The Union lost the representation election and filed charges of unfair labor practices with the Board.

The Administrative Law Judge ("the ALJ") found that Sambo's Restaurant, Inc. ("the Company") violated section 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1) by engaging in various unfair labor practices. The ALJ issued a cease and desist order, set aside the election and ordered a new election to take place, and further ordered the Company to post a specified notice at the restaurant.

The Company, the Union, and the General Counsel all filed exceptions to the ALJ decision. At the Board hearing, the General Counsel sought the remedy of a bargaining order,[1] while the Company urged that no remedy other than a rerun election was necessary. The Board refused to issue a bargaining order because there was no evidence that the Union had obtained authorization cards from a majority of employees in the unit. The Board adopted the findings and conclusions of the ALJ, and ordered the election set aside and a rerun election held.

The Board found that the Company's unfair labor practices were "outrageous" and "pervasive". It therefore issued a broad cease and desist order and ordered additional remedial actions by the Company "to dissipate as much as possible the atmosphere of fear created by Respondent's unlawful conduct."

The additional remedial actions required the Company to: (1) mail a copy of the notice to each employee of the restaurant; (2) include the notice in appropriate Company publications; (3) read the notice out loud to current employees assembled for that purpose with reasonable opportunity for a Board agent to attend; (4) accord the Union upon request reasonable access to bulletin boards, posting places and non-work areas during non-work time for six months; (5) supply the Union with names and addresses of current restaurant employees; (6) provide the Union notice of and equal time to respond to any company address on the subject of Union representation; and (7) afford the Union the right to deliver a 30-minute speech to employees on work time prior to any Board election.

The Company did not request a rehearing or reconsideration of the Board's decision pursuant to 29 CFR § 102.48(d). The Board applied to this court for enforcement of its order. The Company does not contest the Board's findings that the Company committed unfair labor practices. It contests only the validity of the Board's additional remedies.

## II.

Section 10(e) of the NLRA, 29 U.S.C. § 160(e), pursuant to which the Board filed its petition for enforcement in this case, provides:

No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.

The Board's regulations, 29 CFR § 102.-48(d)(1), provide:

A party to a proceeding before the Board may, because of extraordinary circumstances, move for reconsideration, rehearing, or reopening of the record after the Board decision or order.

The *sua sponte* action of the Board in ordering remedies that were not argued

---

1. *See NLRB v. Gissel Packing Co., Inc.*, 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969).

before it has been held to be "exactly the kind of extraordinary circumstances for which the option to move for rehearing or reconsideration is provided." *NLRB v. Allied Products Corp.*, 548 F.2d 644, 654 (6th Cir. 1977). Thus, because of the availability of a rehearing before the Board, the Board's *sua sponte* adoption of an unargued remedy is not a statutory extraordinary circumstance under section 10(e) that would allow the Company to assert an objection for the first time on appeal. *United Dairy Farmers Cooperative Association v. NLRB*, 633 F.2d 1054 (3d Cir. 1980); *NLRB v. Allied Products Corp., supra* at 654; *Garment Workers Union v. Quality Manufacturing*, 420 U.S. 276, 95 S.Ct. 972, 43 L.Ed.2d 189 (1975). *See also, Teamsters Local 115 v. NLRB (Hadden House)*, 640 F.2d 392 at 398 (D.C.Cir. 1981).

This court has observed that:

A review of the cases shows that the 'extraordinary circumstances' provision of Section 10(e) [29 U.S.C. § 160(e)] (excusing the losing party's failure to make objections to the Board) has been applied only in rare cases, as when a show storm closes the Board's offices, or when a telephone and taxi strike prevent delivery of the objections, or when an unusually early mail pickup delays delivery.

*NLRB v. STR, Inc.*, 549 F.2d 641, 642 (9th Cir. 1977) (citations omitted). The rationale for the provision in section 10(e) precluding the losing party from raising an issue in this court that was not raised below, is that it

affords the Board the opportunity to bring its labor relations expertise to bear on the problem so that [the court] may have the benefit of [the Board's] opinion when [the court] reviews its determinations.

*NLRB v. Allied Products Corp., supra* at 653.

■ The Company's argument that the section 10(e) restriction applies only to factual issues, and not to the issue of appropriate remedies, is simply incorrect. In *United Dairy Farmers, supra*, the Board also or-

dered similar additional remedies *sua sponte*. The Third Circuit held that

[t]he various additional remedies specifically ordered *sua sponte* by the Board so as to undo the effects of the employers' action on the election process were not challenged before the Board ..., and therefore, under Section 10(e), 29 U.S.C. § 160(e), may not be challenged before this court.

*United Dairy Farmers Cooperative Association v. NLRB, supra* at 1064. *See also Hedstrom Co. v. NLRB*, 629 F.2d 305 (3d Cir. 1980) (en banc) (company precluded from asserting objection to bargaining order issues *sua sponte* by Board since it did not move for reconsideration below); *NLRB v. Allied Product Corp., supra*, 548 F.2d 644 (company barred from objecting to status quo ante remedy granted *sua sponte* by Board since company did not file motion for reconsideration).

■ The Company further contends that since it presented all the factors that it would have presented during a motion for reconsideration when it argued to the Board against a bargaining order and for the sole remedy of a rerun election, a motion for reconsideration was unnecessary. This argument misconstrues the purpose of such a motion. While the same factors might properly be considered by the Board in determining whether to order either a bargaining order or other remedies, the Company never addressed these factors directly to the specific remedies adopted *sua sponte* by the Board. Neither did the Company contest before the Board the appropriateness of these specific remedies.

Since the Company failed to file a motion for reconsideration to contest the appropriateness of the additional remedies, it is barred from raising such arguments for the first time in this court.

The Board's order is hereby ENFORCED.