DUVAL CORPORATION,
Petitioner-Appellant,

v.

Raymond J. DONOVAN,* Secretary, United States Department of Labor and Federal Mine Safety and Health Review Commission, Respondents-Appellees.

No. 80–7213.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 1981.

Decided July 13, 1981.

---

* The substitution of Secretary of Labor Raymond J. Donovan for former Secretary of Labor F. Ray Marshall is effected by rule 43(c)(1) of the Federal Rules of Appellate Procedure.

Linda S. Rodriguez, Bilby, Shoenhair, Warnock & Dolph, P. C., Tucson, Ariz., for petitioner-appellant.

Michael A. McCord, Washington, D. C., for respondents-appellees; Cyntha L. Attwood, Counsel, Arlington, Va., on brief.

Before TANG and SKOPIL, Circuit Judges, and HAUK,** District Judge.

SKOPIL, Circuit Judge:

## STATEMENT OF THE CASE

Duval Corporation ("Duval") operates a mine in Arizona. It contracted with another company to build a pipeline. In December 1978, an employee of the independent contractor was electrocuted when the boom of a crane touched an overhead power line. A Mine Safety and Health Administration ("MSHA") inspector cited Duval for violating 30 C.F.R. § 55.12–71 by failing to take adequate precautions regarding the power line.

---

** The Honorable A. Andrew Hauk, Chief United States District Judge for the Central District of California, sitting by designation.

Duval contested the citation before an Administrative Law Judge ("ALJ"). The ALJ held that the case was controlled by *Secretary of Labor v. Old Ben Coal Co.*, 7 FMSHRC 1480, *aff'd mem.*, No. 79–2367 (D.C.Cir. Dec. 9, 1980), and fined Duval $5,000. His decision was stamp dated March 4, 1980.

█ On April 1, 1980 Duval mailed a petition for review to the Federal Mine Safety and Health Review Commission ("the Commission") in Washington. The Commission received the petition on April 4. The Commission dismissed the petition as untimely, because it was received 31 days after issuance of the ALJ's decision. Duval filed a petition for reconsideration, which was denied for failure to show good cause for the delay. This appeal followed.[1] We note jurisdiction pursuant to 30 U.S.C. § 816(a)(1).

## ISSUES

1. Did the Commission correctly dismiss Duval's petition for review as untimely?

2. If the Commission correctly dismissed the petition for review, did it correctly deny Duval's petition for reconsideration?

3. Can this court review the merits of the ALJ's decision?

4. If this court can review the merits of the case, did the ALJ err in holding Duval liable?

## DISCUSSION

I. Untimeliness of Petition for Review

A. Date of Issuance

The Federal Mine Safety and Health Act ("the Act") permits a person aggrieved by an ALJ's decision to "file and serve a petition for discretionary review by the Commission of such decision within 30 days after the issuance of such decision." 30 U.S.C. § 823(d)(2)(A)(i). The filing of a

---

[1] On appeal, the Secretary of Labor is represented by the Solicitor of Labor. 30 U.S.C. § 822. The Commission apparently has its own counsel. 30 U.S.C. § 823(b)(2). It was entitled to appear before this court, but chose not to do

petition for discretionary review is "effective only upon receipt [by the Commission]." 29 C.F.R. § 2700.5(d).

Duval contends that "issuance" should be interpreted to refer to the date on which the decision is received by the aggrieved party.

The Act provides that "[n]o objection that has not been urged before the Commission shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." 30 U.S.C. § 816(a)(1). This provision permits the Commission to bring its expertise and experience to bear on the problem, and to make a record for review. *See NLRB v. Sambo's Restaurant, Inc.*, 641 F.2d 794, 796 (9th Cir. 1981) (construing a nearly identical provision).

In its petition for reconsideration, Duval argued that the filing requirements should not be interpreted strictly, but only specifically challenged the provision making a petition for reconsideration effectively filed only upon receipt. It did not suggest that the date of issuance of the ALJ's decision should be interpreted to mean the date of its receipt of that decision.

█ The Commission implicitly permits petitions for reconsideration. 29 C.F.R. § 2700.75. Where the Commission decides a petition for review on grounds not argued before, the petitioner must test those grounds first before the Commission by petition for reconsideration. Because it failed to do so, Duval is barred from asserting that the date of issuance refers to the date of receipt. *See NLRB v. Sambo's Restaurant, Inc.*, *supra* at 795–96.

B. Mailing Time

Duval correctly points out that when a document is served by mail, five days is added to the time in which a response must be filed. 29 C.F.R. § 2700.8(b).

so. In a case where regulations promulgated by the Commission are challenged, it would be helpful to the court and to the parties for the Commission counsel to appear and present its position.

■ This contention was not raised below, but was presented for the first time in Duval's reply brief. We therefore do not consider it. 30 U.S.C. § 816(a)(1); *Levy v. Urbach*, 651 F.2d 1278 at 1280 & n.3 (9th Cir. 1981).

## C. Filing Upon Receipt

Duval contends that making filing of a petition for review effective only upon receipt by the Commission is unfair on the facts of this case. Duval apparently does not argue that the rule is invalid on its face.

■ The rule makes filing effective only upon receipt. 29 C.F.R. § 2700.5(d). The date on which the document is sent is irrelevant. Thus, Duval's petition was untimely. The question of whether these facts require liberalization of the rule depends on whether there was good cause for the late filing. The Commission considered this question in reviewing Duval's petition for reconsideration, and found no good cause.

## II. Denial of the Petition for Reconsideration

■ A petition for reconsideration by an administrative agency is addressed to that body's discretion. Denial of such a petition should be overturned only upon a showing of the clearest abuse of discretion. *Reese Sales Co. v. Hardin*, 458 F.2d 183, 186 (9th Cir. 1972); *Northeast Broadcasting, Inc. v. FCC*, 400 F.2d 749, 758 (D.C.Cir. 1968). *See also NLRB v. Fort Vancouver Plywood Co.*, 604 F.2d 596, 601 (9th Cir. 1979), *cert. denied*, 445 U.S. 915, 100 S.Ct. 1275, 63 L.Ed.2d 599 (1980) (motion to reopen).

Duval contends that the Commission should have made an exception in this case to its strict regulations regarding filing dates. Duval argues that it did not receive the ALJ's decision until six days after it was mailed, that it mailed its petition for review within the 30-day time period, that its petition for review was received by the Commission only one day late, that the question presented in the petition for review is of great importance, and that the delay in mailing the petition was caused by misinformation received from MSHA personnel. Counsel for Duval submitted an affidavit to the Commission stating that she contacted officials in Denver in order to verify the mailing address and proper number of copies for filing the petition for review. She was given conflicting information, and some of her phone calls were not returned. The correct address was verified on April 1, 1980, the date on which she mailed the petition, and was allegedly assured that it would arrive by April 3rd.

■ The Commission can accept an untimely petition where good cause is shown. *McCoy v. Crescent Coal Co.*, 2 FMSHRC at 1203–04 (1980). In *McCoy*, the petitioner appeared *pro se* at the hearing before the ALJ, and did not succeed in obtaining counsel until after his case had been dismissed. His counsel requested a copy of the ALJ's order, and obtained it only 10 days before the petition for review was due. Even so, the petition was mailed on the 30th day after the ALJ's decision. On these facts, the Commission found good cause for the late filing. *Id.* at 1204.

In the instant case, Duval was represented by counsel throughout. It received a copy of the ALJ's decision 24 days before the petition was due. It is unclear from Duval's opening brief whether the persons from whom it allegedly received misinformation worked for MSHA or the Commission. Duval appears to use the terms interchangeably. The two are separate agencies. Moreover, the proper filing address is published at 29 C.F.R. 2700.5(b). The last person contacted only confirmed that this address was correct. Thus, it is possible that Duval's lack of familiarity with a published rule, or its contact with the wrong agency caused it to delay mailing of its petition, rather than misinformation. Even given the delay of mailing, Duval might have met the deadline had it sent its petition by special delivery or express mail rather than merely by first class mail.

■ While we might have granted the petition for reconsideration, we cannot hold that the Commission abused its discretion in refusing to do so.

III. The Propriety of Considering the Merits

Duval contends that if the Commission correctly dismissed the petition for review, this court has jurisdiction to review the merits of the ALJ's decision. An ALJ's decision becomes a judicially reviewable decision of the Commission 40 days after its issuance, unless within that period the Commission states that it will review the decision. It may review the decision pursuant to a petition for review, or *sua sponte.* 30 U.S.C. § 823(d)(2). Duval argues that since the Commission did not state that it would review the ALJ's decision, but merely dismissed the petition for review, the ALJ's decision automatically became a judicially reviewable Commission decision.

■ As noted above, a court may not consider an objection that has not been urged before the Commission. 30 U.S.C. § 816(a)(1). This requirement tends to afford the parties and the courts the benefit of administrative experience and expertise. Thus, a party should not be able to bypass the Commission by waiting 40 days after the ALJ's decision and seeking judicial review. Section 823(d)(1) creates a narrow exception to this rule, providing for judicial review where a party petitions for review and the Commission takes no action.

■ In this case, the Commission reviewed Duval's case. It dismissed it on procedural grounds. We can consider the dismissal on those grounds. Because no timely petition for review was filed, and objection on the merits was not "urged before the Commission," and cannot be considered by this court. *See McGowan v. Marshall,* 604 F.2d 885, 889–91 (5th Cir. 1979) (construing a nearly identical provision of the Occupational Safety and Health Act); *Keystone Roofing Co. v. Occupational Safety and Health Review Commission,* 539 F.2d 960, 963–64 (3d Cir. 1976) (same).

■ Duval contends that a timely petition for review is not required here, since review is discretionary. We disagree. Review is discretionary with the Commission. It is only optional for the petitioner in that the petitioner may choose to accept the ALJ's decision. The petitioner may not appeal the ALJ's decision directly to this court.

IV. The Merits

Because no timely objection on the merits was presented to the Commission, we do not consider the merits of the case.

CONCLUSION

The Commission did not err in holding that Duval's petition for review was untimely. Neither did it abuse its discretion in denying Duval's petition for reconsideration. Because no timely objection to the decision on the merits has been urged before the Commission, this court cannot consider the merits of the case. The decision of the Commission is AFFIRMED.