668 F.2d 983
 UNITED FRUIT AND VEGETABLE CO., INC., Petitioner,
v.
DIRECTOR OF the FRUIT & VEGETABLE DIVISION, MARKETING
SERVICE UNITED STATES DEPARTMENT OF AGRICULTURE,
and John Block, Secy. of Agriculture, Respondents.
 No. 81-1554.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 15, 1982.
Decided Jan. 21, 1982.
 
 Gerald H. Rosen, Kansas City, Mo., for petitioner.
 Stuart E. Schiffer, Acting Asst. Atty. Gen., Civ. Div., U.S. Dept. of Justice, Washington, D.C., James Michael Kelly, Associate Gen. Counsel, Raymond W. Fullerton, Asst. Gen. Counsel, Terrence G. Jackson, Atty., U.S. Dept. of Agriculture, Washington, D.C., for respondents.
 Before BRIGHT, ROSS and STEPHENSON, Circuit Judges.
 STEPHENSON, Circuit Judge.
 
 
 1
 United Fruit and Vegetable Co., Inc. (United Fruit) appeals the United States Department of Agriculture's revocation of its license to sell and deal in perishable agricultural products. United Fruit claims the decision was erroneous because the company was denied due process in its hearing before the agency and because the agency's findings had not been proven by substantial evidence. We affirm the Secretary of Agriculture's findings and revocation of United Fruit's license.
 
 
 2
 On October 24, 1979, United Fruit filed a voluntary petition in bankruptcy pursuant to chapter XI, Title XI of the United States Code. The company listed as part of its indebtedness $750,000 arising from 127 lots of unpaid produce.
 
 
 3
 The Fruit and Vegetable Division of the Department of Agriculture initiated this action upon learning that United Fruit had failed to pay various sellers for these 127 lots of produce during the period from December 1978 through October 1979. The agency sought revocation of United Fruit's license to sell and deal in perishable agricultural products because of willful, flagrant and repeated violations of the Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499b(4); 499h(b)(2) (PACA). In substance, these sections require that all dealers or brokers involved in the trading of produce in interstate commerce pay "fully and promptly" for all produce purchases.
 
 
 4
 Even though United Fruit did not seek renewal of its license, it answered the charges stating that it denied "that it made all of the purchases alleged in (the complaint)" and denied "that payment was not made for any of the said purchases as alleged in the (complaint)."
 
 
 5
 A hearing was held on April 23, 1980, before an administrative law judge (ALJ). The Department of Agriculture adduced evidence consisting of United Fruit's Schedule A from its bankruptcy petition, invoices from unpaid sellers, and testimony from various agency specialists which showed that United Fruit failed to pay fully and promptly for 127 lots of produce involving a total default of more than $750,000 to thirty individual sellers in four states. United Fruit did not present evidence. However, it claimed it could not present a defense until its books and records were released from the custody of the Federal Bureau of Investigation. The FBI and the Kansas City Police Department had seized the items as part of an investigation of the company's activities.
 
 
 6
 United Fruit did not provide the court with an offer of proof as to what the records would establish, except to state that the records might show that the company had entered into compromises with the sellers.[1] United Fruit requested a continuance; however, the ALJ questioned the need for it. The ALJ requested that United Fruit make an offer of proof as to what the records would show. United Fruit failed to respond to the ALJ's request.
 
 
 7
 The ALJ issued his decision on December 15, 1980, revoking United Fruit's license. United Fruit appealed and on April 3, 1981, a judicial officer of the Department of Agriculture affirmed the ALJ's decision. The final agency decision noted that United Fruit had failed to show the relevance of the seized records and that it had been incumbent on United Fruit to "present some evidence of some character to move (the question of relevance) out of the theoretical or hypothetical category."
 
 
 8
 United Fruit appeals the decision on the grounds that it was denied due process because the ALJ denied its request for a continuance. United Fruit also appeals claiming the agency's decision is not sustained by substantial evidence.
 
 
 9
 We cannot say that the ALJ's denial of the continuance request constituted an abuse of discretion. United Fruit did not show that any purpose would have been served by a continuance. See n.1 supra. It had two opportunities to make such a showing: at the hearing before the ALJ and at a later date when the ALJ invited it to submit an offer of proof. However, United Fruit made no attempt to take advantage of these opportunities and made no attempt to show the relevance of the seized records. Furthermore, United Fruit had access to the books and records in the FBI's possession, so it could have obtained the information it claimed it needed. This, along with the alternative sources of information available to United Fruit, renders unconvincing United Fruit's argument that it was denied due process.
 
 
 10
 After reviewing the evidence, we hold the agency's decision is sustained by substantial evidence. The admissions made in United Fruit's bankruptcy petition recognized the debts which are the subject of this action. The agency also produced invoices from the unpaid sellers and testimony from various agency experts and investigators. On the other hand, United Fruit produced no evidence. In light of these facts, there was substantial evidence proving "repeated" and "flagrant" violations of PACA. See Reese Sales Co. v. Hardin, 458 F.2d 183 (9th Cir. 1972); Zwick v. Freeman, 373 F.2d 110 (2d Cir.), cert. denied, 389 U.S. 835, 88 S.Ct. 43, 19 L.Ed.2d 96 (1967).
 
 
 11
 For the reasons stated above, we affirm the agency's ruling.
 
 
 12
 Affirmed.
 
 
 
 [1]
 Such compromises would not have changed the fact that United Fruit had, on numerous occasions, failed to pay in full for perishables that had been ordered and delivered. Thus, there were still violations of 7 U.S.C. § 499b(4) which makes it unlawful "to fail or refuse truly and correctly to account and make full payment promptly * * *."