**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 13, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHRISTIAN GILBERT TONY
NADAL,

        Petitioner,

v.

FEDERAL AVIATION
ADMINISTRATION,

        Respondent.

No. 08-9520

(F.A.A. No. SE-17205)

(N.T.S.B.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

Petitioner appeals a National Transportation Safety Board order affirming the sixty-day suspension of his pilot certificate for crossing a runway in violation of air traffic control instructions to "hold short." Petitioner argues that the NTSB erred in affirming certain evidentiary and procedural rulings made by the administrative law judge. Petitioner further argues that the NTSB erred in failing to grant his petition for reconsideration, which raised several new claims of error in the ALJ's rulings.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We review NTSB decisions to determine whether they were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Hernandez v. Nat'l Transp. Safety Bd.*, 15 F.3d 157, 158 (10th Cir. 1994); *see* 5 U.S.C. § 706 (2000). "[T]he ultimate standard of review is a narrow one," and we are not empowered to substitute our judgment for that of the agency. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971).

First, Petitioner argues that the ALJ erred in refusing to admit documents describing the frequency of runway incursions at the runway that Petitioner crossed in violation of air traffic control instructions. The ALJ concluded that these documents were not relevant to whether this particular incursion occurred. In affirming this ruling, the NTSB concluded that these documents would not have changed the outcome of the case in any event because they did not show that Petitioner had not violated air traffic control instructions, nor did they excuse his runway incursion. We see nothing arbitrary, capricious, or otherwise unsupported by the law in this ruling. Although Petitioner argues that the frequency of other incursions at this location suggests that contributory factors may have been at play, we note that Petitioner never testified as to any confusion regarding, for instance, the runway layout or the signs marking the intersection. We conclude that the ALJ did not err in refusing to admit these documents.

Second, Petitioner argues that the ALJ erroneously excluded two FAA witnesses from the sequestration order at the evidentiary hearing. As an initial

matter, we note that the ALJ in fact allowed only one FAA witness to remain at the hearing, and then only during Petitioner's expert witness' testimony. This FAA witness only provided expert testimony in rebuttal to Petitioner's expert, and the ALJ partially excluded him from the sequestration order because Petitioner had disclosed the identity of his expert witness after the deadline for such disclosures and had not disclosed what his expert would testify to. In affirming this ruling by the ALJ, the NTSB noted the broad discretion given to ALJs in such matters. The NTSB further concluded that the ALJ's ruling had not altered the outcome of the case. Again, we see nothing arbitrary or capricious in this decision.

Third, Petitioner argues that the ALJ erred in admitting a statement made by Petitioner's co-pilot to an FAA inspector. According to this statement, the co-pilot "indicated that while [Petitioner's plane] was crossing [the runway] without authorization, she questioned the Captain[']s actions. She later said, she wished she would have spoken[] up sooner and prevented the incident from occurring." (R. at 346.) Petitioner argues that this evidence was irrelevant and constituted unreliable hearsay. We agree with the NTSB that this evidence was relevant because it tends to corroborate that Petitioner operated his aircraft contrary to an air traffic control instruction. As to Petitioner's hearsay objection, we note that hearsay evidence is generally admissible in an administrative proceeding, *see Adm'r v. Howell*, 1 N.T.S.B. 943, 944 n.10 (1970); *Calhoun v. Bailar*, 626 F.2d

145, 148 (9th Cir. 1980), and we see nothing in the record that seriously calls into question the reliability of this evidence.

Fourth, Petitioner argues that the ALJ improperly allowed an incomplete hypothetical to be posed to Petitioner's expert on cross examination. Specifically, as clarified by the ALJ, this question asked the expert what air traffic controllers would expect a pilot to do if he were unable to comply with an instruction. Without considering whether there was any error in the posing of this hypothetical to the expert, the NTSB simply concluded that Petitioner had not shown prejudicial error given the overwhelming evidence that Petitioner committed the runway incursion. We see nothing arbitrary or capricious in this decision. Moreover, in light of the expert's previous testimony, we see no error in the ALJ's decision to allow this hypothetical.

Petitioner next argues that the NTSB erred in dismissing as untimely his petition for reconsideration. A petition for rehearing or reconsideration before an administrative agency is addressed to that agency's own discretion. *See United States v. Pierce Auto Freight Lines*, 327 U.S. 515, 535 (1946). "Denial of such a petition should be overturned [on judicial review] only upon a showing of the clearest abuse of discretion." *Duval Corp. v. Donovan*, 650 F.2d 1051, 1054 (9th Cir. 1981); *see Pierce*, 327 U.S. at 535. We conclude that the NTSB did not clearly abuse its discretion by denying Petitioner's request for an extension of time and dismissing as untimely his late-filed petition for reconsideration. We

therefore do not address the substantive issues raised for the first time in Petitioner's untimely petition for reconsideration.

Finally, Petitioner argues that he received ineffective assistance of counsel at the evidentiary hearing before the ALJ. Ineffective assistance of counsel is not normally a ground for relief in a civil case. *See MacCuish v. United States*, 844 F.2d 733, 735-36 (10th Cir. 1988). "[T]he only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases," *Nelson v. Boeing*, 446 F.3d 1118, 1120 (10th Cir. 2006). We see no reason to extend this right to FAA certification proceedings.

We therefore **AFFIRM** the NTSB's affirmance of the suspension of Petitioner's pilot certificate.

Entered for the Court


Monroe G. McKay
Circuit Judge