**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

Unite Here, Local 11, Intervenor,

v.

**JLL RESTAURANT, INC. d/b/a Smoke House Restaurant and Smoke House Restaurant, Inc., Respondents.**

No. 07–74755.

United States Court of Appeals, Ninth Circuit.

Submitted May 8, 2009.*

Filed May 12, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mark Theodore, Proskauer Rose LLP, Edward M. Wolkowitz, Esq., Robinson, Diamant & Wolkowitz, Los Angeles, CA, Ellen Greenstone, Esq., Rothner, Segall & Greenstone, Pasadena, CA, for Respondents.

Before: HALL, RYMER and SILVERMAN, Circuit Judges.

MEMORANDUM **

The National Labor Relations Board applies for enforcement of its order issued against Respondents JLL Restaurant, Inc. and Smoke House Restaurant, Inc. We have jurisdiction pursuant to 29 U.S.C. § 160(e), and we grant the application.

We may overturn the Board's findings of fact only when they are not supported by substantial evidence in the record, or if the Board has not correctly applied the law. *Cal. Pac. Med. Ctr. v. N.L.R.B.*, 87 F.3d 304, 307 (9th Cir.1996). We defer to the Board's interpretation of the National Labor Relations Act (the "Act") where that interpretation is "reasonably defensible." *Id.*

■ The Board is entitled to summary enforcement of its finding that JLL violated Section 8(a)(1) of the Act. JLL failed to answer the Board's complaint so the Board properly deemed the complaint allegations to be true. *See N.L.R.B. v. Continental Hagen Corp.*, 932 F.2d 828, 831 (9th Cir. 1991). Once admitted, those allegations demonstrated violations of Section 8(a)(1).

Regional Director Region 21, Los Angeles, CA, Linda Dreeben, Esq., Aileen A. Armstrong, Washington, DC, for Petitioner.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

See *N.L.R.B. v. Davis*, 642 F.2d 350, 353 (9th Cir.1981).

■ Similarly, the Board is entitled to summary enforcement of its findings that Smoke House violated Section 8(a)(1) of the Act by telling job applicants that the restaurant would operate as a nonunion enterprise. *See Advanced Stretchforming Int'l, Inc.*, 323 NLRB 529, 530–31 (1997), *enf'd in rel. part, N.L.R.B. v. Advanced Stretchforming Int'l Inc.*, 233 F.3d 1176, 1181 (9th Cir.2000). Smoke House failed to challenge these Board findings, so it has waived its right to contest them. *See* Fed. R.App. P. 28(a)(9)(A); *Sparks Nugget, Inc. v. N.L.R.B.*, 968 F.2d 991, 998 (9th Cir. 1992).

■ Next, substantial evidence supports the Board's finding that Smoke House became a successor to JLL and its conclusion that Smoke House was jointly and severally liable for remedying JLL's unlawful conduct because Smoke House was previously aware of conduct that the Board ultimately found unlawful. Smoke House did not claim lack of knowledge before the Board so we do not have jurisdiction to review that argument. *See* 29 U.S.C. § 160(e); *Woelke & Romero Framing v. N.L.R.B.*, 456 U.S. 645, 665–66, 102 S.Ct. 2071, 72 L.Ed.2d 398 (1982). Moreover, Smoke House was not entitled to rely on the decertification petition because its unlawful conduct caused the employees to seek disassociation with the union. *See N.L.R.B. v. B.C. Hawk Chevrolet, Inc.*, 582 F.2d 491, 495 (9th Cir.1978). Smoke House therefore violated Section 8(a)(5) by refusing to recognize the union. We also find reasonable the Board's conclusion that *Steinbach v. Hubbard*, 51 F.3d 843 (9th Cir.1995) does not warrant limiting Smoke House's successor liability based on equitable grounds. *Steinbach* arose under a different statute, the Fair Labor Standards Act, and, as set forth in the Board's order, had materially distinguishable facts.

We lack jurisdiction to review Smoke House's challenges to certain remedies ordered by the Board. *See N.L.R.B. v. Sambo's Restaurant, Inc.*, 641 F.2d 794, 795–96 (9th Cir.1981) (applying jurisdictional bar to issue of remedies). As the government points out, however, we note that following the Board's decision in this case, it has established a compliance proceeding action to determine the ultimate amount of Smoke House's financial liability under the "make-whole" order, and to align "make-whole" orders with Ninth Circuit law. *See Planned Building Services, Inc.*, 347 NLRB No. 64, 2006 WL 2206975 at *8–9 & n. 23 (2006) (citing *Advanced Stretchforming*, 233 F.3d at 1181–83; *Kallmann v. N.L.R.B.*, 640 F.2d 1094, 1102–03 (9th Cir.1981)). In that proceeding, Smoke House may present its arguments regarding whether the expired collective bargaining agreement's provisions regarding medical benefits had already been changed by JLL, whether Smoke House would have agreed to the terms of the previous collective bargaining agreement, and when it would have reached an agreement on new terms with the union or reached a bargaining impasse.

■ Finally, substantial evidence supports the Board's finding that Smoke House violated the Act by refusing to hire certain JLL employees because they had engaged in picketing. The Board's interpretation of Section 8(b)(4)(B) of the Act, concluding that the purchase negotiations here did not constitute "doing business," is reasonable. *See Cal. Pac. Med. Ctr.*, 87 F.3d at 307.

Application for enforcement GRANTED.